June Term,
1860.

LOCKWOOD VS. STEWART and others.

LOCKWOOD
v.
STEWART et al. A judgment will not be reversed, on account of the refusal of the court below to grant a new trial, if there was evidence enough to support the verdict, although it may appear to this court that the preponderance of the proof was against it.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action to recover damages for a breach of warranty as to the quality and condition of a carpet purchased by the plaintiff of the defendants. Verdict for the plaintiff. Motion for a new trial, on the ground that the verdict was contrary to the weight of evidence, overruled, the defendants excepting, and judgment upon the verdict.

*J. Ladue*, for appellants.

*Waldo, Ody & Van*, for respondent.

November 19. *By the Court*, COLE, J. The point in controversy in this case was, whether the carpet mentioned in the pleadings was imperfect and injured at the time of the delivery thereof to the respondent, and was not free from damage or defects of every kind, as the appellants represented and warranted the carpet should be, when it was purchased, and what damages the respondent had sustained in consequence. The nature of the defects in the carpet, and the manner in which they were covered up, certainly authorized the jury in finding that those defects and injuries must have existed in the carpet before it came to the possession of the respondent, and they so declared by their verdict. The questions submitted to the jury were matters of fact, and it was the province of the jury to weigh and determine the effect of the testimony. It is unnecessary for us to declare what conclusions we should have drawn from the evidence, and it is sufficient to say that it clearly supports the verdict, even if we concede that the weight of the evidence was *against* the finding. The only exception taken was to the ruling of the circuit court, denying the application for a new trial, and we are unable to say that the motion for a new trial was not properly denied.

The judgment of the circuit court is affirmed, with costs.