LAVILLE VS. LUCAS.

A decision of the circuit court overruling a motion made for a new trial, on the ground that the verdict was contrary to the evidence, will not be disturbed unless there was a total want of evidence to support the verdict.

Where there is no evidence on which the verdict can rest, the denial of a motion for a new trial is such an abuse of discretion on the part of the circuit court as would be corrected in this court; otherwise, the verdict must stand.

APPEAL from the Circuit Court for *Washington* County. The case is stated in the opinion of the court.

*A. L. Frisby*, for appellant.

*Thorp & Shelley* and *Edmund Neff*, for respondent, cited *Van Valkenburgh vs. Hoskins*, 7 Wis., 496; *Barnes vs. Merrick*, 6 id., 57.

*By the Court*, DIXON, C. J. This is an action to recover     May 15. for work and services performed by the respondent as a mill-wright and machinist. The defense is, that the appellant, being ignorant of such matters, and confiding in the skill and experience of the respondent, was induced to make the contract and give the employment by means of the representations of the latter as to the existence and nature of the water power to which the machinery was to be applied, and the fitness and adaptation of the machinery to the purposes intended; and that the representations were false and un-

founded, and the services of the respondent of no value. The testimony was conflicting, and the case went to the jury without exceptions either as to the evidence received or the instructions given. Under the charge, which was given as requested by the appellant, and can by no means be considered as unfavorable to him, the jury found a verdict for the respondent, and assessed his damages at something less than half the sum claimed. The appellant moved for a new trial, because the verdict was contrary to the evidence and to the instructions given. The court denied the motion, and the appellant excepted, and took this appeal. In such cases the rule is well settled, that the decision will not be disturbed, unless there is a total want of evidence to support the verdict. If there be no evidence upon which the verdict may rest, then it is such an abuse of discretion on the part of the circuit court as will be corrected in this; otherwise, the verdict must stand. The respondent was examined as a witness in his own behalf, and his testimony, if believed, is sufficient to sustain the verdict. It is true, that he admits saying to the appellant, that, in his opinion, the stream would afford sufficient power to drive the wheel; and he says that such was then his belief. But he denies that the appellant acted upon his advice alone, and that he was thereby induced to make the purchase and enter into the undertaking. On the contrary, if we credit him—and of that the jury were the judges—the appellant acted quite as much upon his own judgment as upon that of others. If this was so, the defense in that particular was not sustained. Upon the other points the evidence was more conflicting and more doubtful, and they need not, therefore, be considered.

The verdict not being entirely unsupported by the evidence, the order of the circuit court is affirmed.