## L. QUINT AND JAMES H. HARDY, RESPONDENTS, *v.* THE OPHIR SILVER MINING COMPANY, APPELLANT.

CONFLICT OF EVIDENCE. A verdict will not be set aside by an appellate court on the ground of insufficiency of evidence, where there is some evidence to support it, unless there be such a decided preponderance of evidence against it as to create a conviction that it was the result of mistake or misconduct on the part of the jury.

CONTINGENT COUNSEL FEES, WHEN SUIT COMPROMISED. An instruction in a suit on a *quantum meruit* to recover counsel fees that, " if plaintiffs' fee was to be contingent on success, and defendant settled the suit without plaintiffs' con-sent, plaintiffs could recover what their services were worth," does not incor-rectly state the law.

ERROR TO JUSTIFY REVERSAL MUST BE MATERIAL. A judgment will not be reversed on account of error in the proceedings, unless such error be material or calculated to mislead the jury or produce an erroneous result.

INSTRUCTION ON ABSTRACT POINTS OF LAW. An instruction to the jury upon the law governing a state of facts not developed in the evidence, is not an error authorizing a new trial, unless it is probable such instruction resulted prejudi-cially to the party complaining of it.

COUNSEL FEES, TRAVELING EXPENSES AND TIME LOST. An instruction to the jury in a suit to recover counsel fees that, " if plaintiffs were employed by de-fendant to come from San Francisco to Virginia City, or from San Francisco to Aurora, and there was no special agreement as to the amount to be paid, they can only recover the value of the services rendered at the place where they

were rendered, with the addition of reasonable traveling expenses; and if the traveling expenses were paid by defendant, then they cannot be recovered by plaintiffs : " *Held*, clearly erroneous, and properly refused.

COUNSEL FEES—WHAT TO BE TAKEN INTO ACCOUNT.   To ascertain what may be a reasonable compensation for services rendered by an attorney, the amount involved, and the character of the business transacted by him must be taken into account, and the time employed; not the time immediately devoted to the business alone, but the time which he must lose from other business in attending to it.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion.

*Hillyer and Whitman*, for Appellant, after discussing the testimony very fully, argued that on the trial of the cause there appeared no settled basis or rule upon which opinions, as to the value of the services of plaintiffs, could be given.   We were of the opinion, continued counsel for appellant, that in the absence of express contract, an attorney going from one place to another to try a cause, or do business, was entitled only to charge his client what his service was reasonably worth at the point where the business was transacted, and reasonable traveling expenses.   Mr. Hardy testifies that his traveling expenses were paid, and upon no " picayunish basis." We asked the Court so to charge the jury, which request was refused; and this we urge as error.   It may be admitted that this rule would not, in all cases, do exact justice.   What rule does ? But it possesses more elements of justice than any other which can be suggested.   If the attorney does not wish to abide by such rule let him make a bargain.

*Aldrich and De Long*, for Respondents.

The just rule, and the only one which, we submit, can be maintained on principle, is this : that where an attorney is employed not by special contract, the client agrees to pay him a reasonable compensation for his services, and that these services are to be viewed with reference to the nature of the business, its importance, the time necessarily consumed in attending to it, and all the surrounding circumstances of the employment; and that if the attorney em-

ployed will necessarily be subjected to an extraordinary consumption of time in attending to the business, or to extraordinary inconvenience, and will be compelled to travel a long distance, these must be regarded as having been considered by the client and attorney at the time, and as constituting a part of the implied contract between them. If we are right in this, the Court properly refused the instructions asked for by appellant.

*Quint and Hardy,* also for Respondents, argued, in reference to the same point, that if the instructions asked by defendant and refused by the Court were law, an attorney might be engaged by a litigant in San Francisco to go to Washington on professional business, which might require his attendance and attention for but one day, yet two months' time would be consumed in going and returning, for which, according to appellant's theory, he could recover nothing. In other words, if the one day's attendance and employment at Washington was only worth one hundred dollars, in the absence of an express agreement to the contrary, the attorney's recovery could not exceed that sum. This would be absurd. The situation of the parties, the residence of the attorneys, the location of the litigation where the services were to be performed, the distance to be traveled, and the time necessarily consumed in the various trips, certainly were not lost sight of by either party ; nor did either party suppose for a moment that the fatigue of such journeys was to be endured for nothing.

By the Court, LEWIS, J.

The plaintiffs bring this action to recover the sum of ten thousand dollars claimed to be due for legal services rendered for the defendant at various times during the year 1866. The action was tried by a jury, who rendered a verdict in favor of the plaintiffs for the sum of five thousand dollars. Judgment being entered for that sum by the Court, a motion for new trial was regularly made and overruled. An appeal is now taken both from the judgment and the order denying the new trial—counsel for appellant contending : First—That the evidence is insufficient to sustain the verdict ; and, Second—That the Court erred in giving a certain instruction

to the jury at the request of plaintiffs, and in refusing to give a certain other asked by defendant.

There is a conflict in the testimony as to what would be a reasonable compensation for the services rendered by the plaintiffs, and although the preponderance of evidence may not be in favor of the verdict, there is at least sufficient to support it. The law is now thoroughly settled that a verdict will not be set aside by an appellate Court upon this ground when the lower Court has refused to do so, unless there be such a decided preponderance of evidence against it as to create a conviction that it was the result of mistake or misconduct on the part of the jury. (3 Trahan & W. on New Trials, 12, 13; *Cohn* v. *Dupont,* 3 Sandford, 262; *Mann* v. *Witbeck,* 17 Barb. 388; 5 Sandf. 180; 1 Whittaker's Prac. 745; *Maxwell* v. *McIlvoy,* 2 Bibb, 211; *Dodge* v. *Brittain,* 1 Meigs, 84; *Sellars* v. *Davis,* 4 Yerger, 503; *Hall* v. *Paige,* 4 Geo. 428; *Lockwood* v. *Stewart,* 12 Wis. 628; *Seville* v. *Lucas,* 13 Wis. 617; *Llewellen* v. *Williams et al.,* 14 Wis. 687; *Cook* v. *Helmes,* 5 Wis. 107; *Barnes* v. *Merrick,* 6 Wis. 57; 11 Minnesota, 296; *Whitney* v. *Blunt,* 15 Iowa, 283; *Buckman* v. *Berrehill,* 16 Iowa, 183; *Kile* v. *Tubbs,* 32 Cal. 332; Id. 530; *Lubeck* v. *Bullock,* 24 Cal. 338.) Upon this ground therefore the verdict cannot be set aside.

The instruction which it is claimed by counsel for appellant should not have been given to the jury reads in this manner : " If plaintiffs' fee was to be contingent on success, and the Ophir Company settled the suits without plaintiffs' consent, plaintiffs could recover what their services were worth." We are not informed as to what particular feature of this instruction is deemed exceptionable, although the giving of it by the Court below is treated as an error entitling the appellant to a new trial. Had counsel taken the trouble to state specially why this instruction should not have been given we could discuss the matter more understandingly ; as it is, we are unable to discover the fatal error which seems so apparent to them. Certain it is that the instruction correctly states an abstract proposition of law. (2 Parsons on Contracts, 35; *Baldwin* v. *Burnett,* 4 Cal. 392.) And the only objection which it seems possible to make to it is, that it is predicated upon the possible finding by

the jury that the defendant settled the litigation without the plaintiffs' consent, when there was no evidence to support such finding.

Some of the witnesses on behalf of the defendant testified that the plaintiffs were employed to attend to the trial of a cause for the defendant in the county of Esmeralda, for which, if successful, they were to receive a liberal fee, but if not, they were only to have their expenses paid. The plaintiff Hardy testifies positively that no such conditions ever existed, but that they were to be paid in any event. It is, however, admitted that one of the plaintiffs went from San Francisco to Esmeralda to attend to the action then pending, and performed some service about the matter; but no trial on the merits being had, the controversy was subsequently settled by the defendant, the plaintiffs being consulted about it and making no objection. It is to this state of facts that the instruction was directed.

Perhaps a Court should never assume the possibility of the jury finding any material fact, when there is no evidence tending to establish it; but if it does, it is not necessarily such error as will entitle a party to a new trial. Error is not avoidable unless it be material, or is calculated to mislead the jury, or to produce a wrong result. To instruct them, therefore, upon the law governing a state of facts not developed in the evidence, is not an error authorizing a new trial, unless it is probable that such instruction resulted prejudicially to the party complaining.

In this case the question of consent to the settlement was left entirely to the jury, where it rightly belonged. They were bound to find the fact according to the evidence, and there is no intimation in the instruction that they should find the settlement was entered into without the consent of the plaintiffs. The responsibility of finding that fact in accordance with the evidence was as completely left with them as if the instruction had not been given. Hence, we are not able to see how the mere assumption that they might possibly find otherwise could have misled them. If there were evidence showing that the settlement took place without plaintiffs' consent, the instruction would have been perfectly proper; there being none whatever, the instruction, although irrelevant, could not have induced the jury to find as if there were such evidence.

It may be conceded that the evidence would not have justified a conclusion that the defendant entered into the settlement without the consent of the plaintiffs; nor is it probable the jury so found, for their verdict could very probably have been based upon the evidence of the plaintiff Hardy, who testified that the contract between him and the defendant was unconditional. If so, then the settlement, with or without the plaintiffs' consent, could not affect their right to recover what their services, actually rendered, were reasonably worth. There was, therefore, no such error in giving this instruction as will entitle the defendant to a new trial.

It is also contended that the Court below erred in refusing to give the following instruction: " If plaintiffs were employed by defendants to come from San Francisco to Virginia City, or from San Francisco to Aurora, and there was no special agreement as to the amount to be paid, they can only recover the value of the services rendered at the place where they were rendered, with the addition of reasonable traveling expenses; and if the traveling expenses were paid by defendant, then they cannot be recovered by plaintiffs." Counsel inform us this sentence is the embodiment of the law governing the value of the services in this case, and that it should have been given.

Reason, says Coke, is the soul of the law; and reason in law is perfect equity; but if we could be persuaded that this instruction embodied any legal principle whatever, we should very seriously doubt whether reason or equity were in any manner an ingredient of the law. When service or labor is performed by one man for another, and there is no agreement as to compensation, the law presumes a promise to pay what such service or labor is reasonably (that is justly and equitably) worth. The just and equitable compensation which the law thus awards, is determined by the character of the services rendered—the time employed and the responsibility imposed upon him who performs it. Neither one of these circumstances is alone to determine it, but all must be taken into consideration.

To ascertain what may be a reasonable compensation for services rendered by an attorney, the amount involved and the character of the business transacted by him must be taken into account, be-

cause as he is liable in damages for any negligence, the law gives him a compensation proportionate to the responsibility imposed upon him. And the time employed is always one of the circumstances to be considered. Nor should the time immediately devoted to the trial of a cause or the transaction of the business be alone considered, for it is not unfrequently the case that an attorney who is employed at a distance from his usual place of business, is compelled to neglect his ordinary business for days or weeks, whilst the time immediately devoted to the cause is but a few hours. As in this very case, one of the plaintiffs was kept from his usual place of business for a month or more, whilst the time immediately devoted to the trial of the causes was, perhaps, altogether, not more than three or four days. Although not immediately engaged in the cause, the attorney who, in attending to it, is necessarily kept from his ordinary business, and compelled to be absent from his usual place of business, is as much engaged for his client whilst so kept from his other business, as he is while actually engaged in a trial.

It would be absurd to say that counsel may be called upon to attend to litigation in some distant part of the country, where days, weeks, or even months are employed in reaching and returning from such place ; and yet that he shall only be allowed such compensation as would be reasonable to one located at the place of litigation. If the law allows the attorney a larger fee for the trial of a cause which occupies a week than one which is disposed of in an hour, that is, if time be taken into consideration at all, the time which he is necessarily kept from other business should upon every principle of right be taken into account as much as that immediately devoted to business. Where there is no express contract, the law implies a promise to pay a reasonable compensation. Would it be reasonable to pay an attorney who devotes a week of time to certain business only, as much as would be a reasonable fee for one who is occupied but a few hours ? Certainly not. And yet in this case it is shown that one of the plaintiffs was kept away from the city of San Francisco, where he was located, for a month at a time in traveling from that city to different parts of this State, in attending to business for the defendant ; and it is claimed by counsel that he should only re-

cover such fee as would be reasonable for an attorney located at the point of business, and who in attending to it would be compelled to neglect his ordinary and usual business perhaps but a few hours. We see neither reason nor justice in such a. proposition.

As the employment of the plaintiffs to attend to litigation in this State necessarily took them from their usual business for a much greater length of time than it would had they been located at the place where the business was transacted, it is but just that the time thus employed should be taken into consideration in estimating the compensation which they should recover.

The instruction was very properly refused.

Judgment affirmed.

By BEATTY, C. J.

The verdict in this case seems to be sustained by the weight of evidence. I fully concur with Justice Lewis in his views as to the correctness of the legal principle contained in the instruction given at the request of the plaintiffs.

The legal principle contained in the instruction being correctly stated, an appellate Court ought not to reverse the judgment because of the giving of such instruction, unless it appears from the whole case that it probably misled the jury and produced a verdict that could not otherwise have been given. The instruction was hardly applicable to the state of facts developed by the testimony, yet I cannot see how it could really have affected the verdict.

The testimony shows that there was an understanding to the effect that if plaintiffs succeeded in obtaining a favorable result in a certain suit then pending against the present defendant, they were to be paid a much more liberal fee than if the suit terminated unfavorably. Before the termination of the controversy the case was compromised, with the advice and consent of the present plaintiffs. This, I think, entitled them to a reasonable compensation for their services. In the hypothetical case in the instruction, the jury are told, in effect, that they were entitled to reasonable compensation for their services.

The instruction being theoretically correct and not calculated to produce any injury to the defendant, I see no reason why the

judgment should be reversed. I concur in the views of Justice Lewis in regard to the instruction refused, and think the judgment of the Court below should be affirmed.