JOHN COVINGTON et als., RESPONDENTS, v. JOHN BECKER et als.—E. LAMB, APPELLANT.

WATER RIGHTS—NO RIPARIAN PROPRIETORSHIP ON PUBLIC LAND. In a suit to enjoin the diversion of water from a river, which was first appropriated by the plaintiffs, it was stipulated that "the only title to the lands of plaintiffs and defendants is a possessory one, the fee being in the General Government: *Held*, that this agreement rebutted the proposition of a defendant that he was a riparian proprietor, or could claim the water as such.

APPEAL ON CONFLICT OF EVIDENCE. A judgment will not be set aside by the Supreme Court on the ground of being contrary to the evidence, where there appears to be a conflict of evidence, unless there be such a decided preponderance against it as to create a conviction that it was the result of mistake or misconduct.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

This was an action for an injunction brought by John Covington, George M. Dyer, A. F. Kerchival, and G. A. McCracken, against John Becker, E. Lamb, and a large number of others, to restrain them from diverting the waters of Reese River at a point about fifteen miles south of Jacobsville. It appears that the plaintiffs pos-

19

sessed lands through which the river flowed, and used its waters for agricultural purposes. The defendants respectively possessed lands further up the river, and it is alleged that after the appropriation by plaintiffs, as above stated, they diverted all the water for their own agricultural purposes. Lamb possessed four hundred and forty acres, and the river ran through it.

By the decree, the action was dismissed as to a number of the defendants; but Lamb was enjoined from diverting more of the water of the river during the dry season than was necessary to irrigate fifteen acres of ground cultivated in grain and vegetables, and from diverting water to any extent which would prevent a stream one foot in width and five inches in depth from flowing into plaintiffs' land.

*D. W. Welty*, for Appellant Lamb.

*George S. Hupp* and *Wren & Croyland*, for Respondents.

By the Court, WHITMAN, J.:

This case was originally appealed by Covington *et als.*, plaintiffs, in the Court below, and one of the defendants named Lamb. The former have dismissed their appeal, and Lamb is alone before this Court.

The assignments of error are numerous, but all, with the exception of the fourth, are addressed to the specification of error in the findings and judgment on matters of evidence. The fourth assignment referred to above is as follows:

"That these defendants are riparian proprietors on Reese River above the land of plaintiffs, and are entitled to use the water of the stream in irrigating their lands for agricultural purposes, without any liability on that account to plaintiffs."

The agreement in the record rebuts the proposition that Lamb is a riparian proprietor thus: "The only title to the lands of plaintiffs and defendants is a possessory one; the fee being in the General Government." The law applied in the case was that universally recognized in this State and California in such state of facts—that of prior appropriation; and it is not complained that it was incorrectly applied, if the findings were warranted by the evidence, save upon the hypothesis that Lamb was a riparian proprietor. As to

that fact, in the sense intended by the assignment, it has been seen that Lamb has agreed himself out of Court. If the fact was otherwise, and as claimed in the assignment, it would be doubtful, to say the least, under the weight of authority at the present time, if he would be thereby benefited. (*Lobdell* v. *Simpson*, 2 Nev. 274.) As this question, generally considered, may and probably will become of extreme and practical importance, it is not intended to intimate any opinion thereon, as it is not necessary under the facts for the decision of this case.

As to the other assignments, they are covered by the rule laid down in *Quint and Hardy* v. *The Ophir Silver Mining Co.*, (4 Nev. 304) as follows: " The law is now thoroughly settled that a verdict will not be set aside by an Appellate Court upon this ground [conflict of testimony] when the lower Court has refused to do so, unless there be such a decided preponderance of evidence against it as to create a conviction that it was the result of mistake or misconduct on the part of the jury." There is, in this case, certainly substantial evidence to warrant the decision of the District Court, complicated and contradictory in some particulars it is true, but yet it must be confessed, upon entire perusal, that it does not clearly appear that appellant has any legal cause for objection. The findings and decree are as favorable to him as the whole testimony justified.

The order refusing motion for new trial, and decree of the District Court, are correct, and must be affirmed.

It is so ordered.