## S. LEWIS, Respondent, *v.* R. C. WILCOX, Appellant.

Any Substantial Evidence will Support a Judgment. A judgment will be sustained as against an objection that it is contrary to evidence, if there be any substantial testimony for it to rest upon.

Sale — Change of Possession. Where it appeared that Lewis purchased of Waddell certain mules and harness, giving therefor his two promissory notes for $500 each, and crediting $100 on an account; that he immediately took possession of them, and freighted with them for three or four weeks, driving them himself; that he then contracted to haul for Waddell, who was to pay therefor by the day, and also all the expenses of the team; that Lewis had paid one of his notes; that the team continued in Lewis' possession, though stabled in a barn owned by Waddell : *Held,* that the evidence was sufficient to establish an actual and continued change of possession, as against a claim of Waddell's creditors.

Declarations of Vendor after Sale. In a question as to the validity, under the statute of frauds, of a sale of personal property, where the fact of the sale and change of possession was established : *Held,* that the declarations of the vendor made after such sale and change of possession were mere hearsay evidence, and not admissible to impeach or defeat the sale.

Appeal from the District Court of the Fourth Judicial District, Lyon County.

Defendant was the constable of Silver City Precinct, in Lyon County. It appears that he seized the property referred to in the opinion, by virtue of a writ of attachment issued by a justice of the peace, in a certain suit of C. Osborn against J. A. Waddell and S. Lewis, claiming it to be and seizing it as the property of Waddell. There was a judgment for the plaintiff; and a motion for new trial being denied, defendant appealed.

*W. M. Gates* and *Clarke & Wells,* for Appellant.

The judgment was not warranted. There was not sufficient evidence under the statute of frauds, to show a sale of the property from Waddell to Lewis. There was not that immediate delivery and actual and continued change of possession required by section twenty of the statute of frauds. That section being copied, *verbatim,* from the statute of California upon the same subject, its exposition by the Supreme Court of that State should have great weight.

(1 Nev. 218; 4 Nev. 361; 10 Cal. 519; 8 Cal. 561; 15 Cal. 506; 19 Cal. 329.)

*Mitchell & Stone*, for Respondent.

By the Court, LEWIS, C. J.:

The only assignments of errors upon this appeal are:

1st. "Insufficiency of the evidence to justify the decision in this: it is shown that the sale was fraudulent as to the creditors, no change of possession of the property having taken place, as required by the Statute," and

2d. "It is claimed the Court erred in excluding the testimony of the witnesses Osborn, Likins and Smith."

As to the first assignment. The District Judge by whom the case was tried, having found that the plaintiff was the owner of the property in question at the time of the seizure by the defendant, his decision must be maintained if there be any substantial testimony for it to rest upon. The evidence of the plaintiff Lewis we deem amply sufficient for this purpose. He testifies that " he purchased the mules and harnesses of one Waddell, on the ninth day of September, A. D. 1867, for eleven hundred dollars, giving his two promissory notes for five hundred dollars each, and crediting him with one hundred dollars upon an account held against him by the plaintiff. He also testifies that he immediately took possession of the property; that for three or four weeks after the purchase he was engaged in freighting with these animals, driving them himself; after which, he entered into a contract with his vendor to do hauling for him, by the terms of which it appears Waddell was to pay the plaintiff a certain sum per day and bear all the expenses of the team, together with all charges for the necessary repairs of the wagon. He also testifies that the team continued in his own possession from the time of the purchase until seized by the defendant, and that he had paid one of the notes given by him to Waddell. On his cross-examination, he stated that during the time he was thus engaged in hauling for Waddell he stabled his team in a barn owned by Waddell, and in which they were kept prior to the purchase."

This evidence most certainly shows an actual delivery and a continued change of possession of the property in dispute. There is nothing in it tending to negative the showing of a continued change, except, perhaps, the solitary fact that after the contract for hauling, the animals were kept in a barn in which they were stabled before the sale. This testimony, taken by itself, showing as it does an actual possession in the plaintiff, was sufficient to warrant the Court in finding that a delivery had taken place, and that there was a continued change of the possession. There was testimony, it is true, on the part of the defendant, which was rather incompatible with the conclusion; but with that this Court has nothing to do, for as stated in the outset, we will not disturb a verdict nor a finding by a Judge in an action of law, if there be substantial evidence to sustain it. (*Quint & Hardy* v. *The Ophir Silver Mining Co.*, 4 Nev. 307; *Covington* v. *Becker*, 5 Nev. 281.) On the first assignment, therefore, the judgment cannot be disturbed.

The testimony, the exclusion of which constitutes the second assignment of error, consisted simply of statements made by the vendor respecting the title to the property, and offers made by him to sell it long after the sale, and while it was in the possession of the vendee. The sale being established, the declarations of the vendor made afterward would be mere hearsay, and not admissible to impeach or defeat it. The only tendency which the evidence offered could possibly have, was to disprove the sale from Waddell to the plaintiff. The declarations of a vendor remaining in possession of the property after the sale, and made while so in his possession, are sometimes received in favor of creditors to impeach or destroy the sale. (See Cowen & Hill's Notes, 602.) But they are never received after the completion of the sale, and the possession has been transferred. The vendor then stands in no different position than an entire stranger to the transaction and the property; and it is a well established rule, that in such case his declarations are not admissible. The Court below, therefore, properly ruled out the declarations of Waddell.

The judgment must be affirmed. It is so ordered.