## MYRON C. LAKE, Respondent, v. JAMES S. TOLLES, Appellant.

Equitable Character of Action not Destroyed by Answer Denying Title. Where a complaint is of an equitable nature, such as in a suit to quiet title to the use of water, the mere fact that the answer raises questions as to the plaintiff's right of property does not destroy the equitable character of the action.

No Strict Right to Jury Trial in Equity Case. Before a jury trial can be claimed as a constitutional right, there must be an action at law, as contradistinguished from a suit in equity and from a special proceeding, or a criminal action and an issue of fact joined therein upon the pleadings.

Lake v. Tolles.

No Error to Refuse Jury where no Strict Right Thereto. Where there is no strict constitutional right to a jury trial, the calling of a jury is purely a matter of discretion with the judge; and his refusal will not constitute error.

Mere Possessor of Public Land has no Riparian Rights. A mere possessor of unsurveyed government land has no riparian rights to the use of a stream of water flowing through it.

Appeal from the District Court of the Second Judicial District, Washoe County.

The complaint in this action alleged that the plaintiff was the owner in fee and in possession of certain land in Washoe County, known as "Truckee Meadows;" that he and his grantors had been in possession thereof since 1859, and had been seized in fee thereof since 1864; that a stream of water, known as Evans' Creek, flowed through said land in its natural channel; that in 1859, plaintiff's grantor claimed the use of all the waters of said stream by posting and recording notice of his claim and appropriated all such waters by building dams and digging ditches so as to divert the same from their channel to irrigate his land; that plaintiff and his grantor had been the owners of and entitled to the use of said waters and had enjoyed the exclusive use thereof from 1859 and until the defendant went into the occupation of a tract of land on Evans' Creek but higher up than that of plaintiff; that after defendant's going into possession of his land he was at his special request permitted by plaintiff's grantor to use a portion of the waters of said creek to irrigate his land until 1870, when plaintiff, having then become the owner of his land, forbade defendant from using any of said waters unless he would take a lease from plaintiff and pay a reasonable rent therefor; that defendant failed, neglected and refused to enter into such lease or pay any rent or acknowledge plaintiff's absolute rights to the use of all said waters, but by specious promises to do so prevented plaintiff from prosecuting his suit to settle and determine his right thereto; that in the meantime defendant had unlawfully and for two years deprived plaintiff of thirty inches of water of said creek estimated under four inches pressure, worth at plaintiff's land to which it would otherwise

have flown $4 per inch, to the damage of plaintiff $240; and that defendant had also renounced using such water under the license of plaintiff's grantor and claimed to have used and claimed and to use and claim the same in his own right and adversely to all the world. There was a prayer that the title to the use of the waters should be settled and adjudged to belong to plaintiff; that plaintiff have judgment against defendant for $240 damages for withholding the use of said water; that defendant should be enjoined from using or interfering with any of the waters of said creek; and for general relief and costs.

The defendant interposed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which was overruled; and defendant then put in an answer, denying most of the allegations of the complaint and the right of plaintiff or his grantor to the waters of said creek, and setting up right and title in himself to the waters used by him and the exclusive enjoyment thereof in his own right for more than five years before the commencment of this suit, and ever since 1863.

The cause came on for trial in the court below at the January term, 1872. At the calling of the calendar on the opening of that term, defendant appeared in person and demanded a jury trial. The court replied that upon demand made by his attorneys for a jury, the cause would be set for jury trial. Nothing further appears to have been done till the day on which the case was regularly reached, when defendant and his counsel appeared and demanded a jury trial. The application was denied and the trial ordered to proceed before the court without a jury.

There were findings in favor of plaintiff and upon them there was entered a decree as prayed in the complaint, with the exception that the question of damages appears to have been passed without notice and only nominal damages in the sum of one cent awarded to plaintiff. There was also a perpetual injunction against the defendant and all persons claiming or acting under him from taking or diverting any of the waters of Evans' Creek from its natural channel. De-

Lake v. Tolles.

fendant moved for a new trial, which being denied, he appealed from the judgment and order.

*Mitchell & Stone,* for Appellant.

I. "If the case was one at law the court had no jurisdiction, for the reason that the damages claimed did not exceed the sum of $300. If it was one in equity the demurrer should have been sustained, for the reason that the complaint did not allege sufficient facts. The injury complained of was past; none was being committed or threatened at the time of filing of complaint.

II. The suit is not purely an action in equity although an injunction is prayed for; and the answer of defendant presenting a legal defense only, entitled him as a matter of right to a trial by jury. The refusal of the court below to allow a jury trial was therefore erroneous and a new trial should have been granted. *Bodley v. Ferguson,* 30 Cal. 518; *Van Vleet* v. *Olin,* 4 Nev. 98; 9 N. H. 340; 1 Story Equity, Sec. 72; 18 N. H. 389; Const. of Nev. Art. I, Sec. 3; Art. VI, Sec. 14; Practice Act, Secs. 156, 157.

III. The judgment and perpetual injunction granted in this case deprives defendant wholly of the use of any of the water of Evans' Creek for any purpose. He is prohibited from not only using the water for irrigating purposes, but is restrained from taking it for reasonable family use and for the stock or cattle on his ranch. An injunction so sweeping in its terms should not be sustained; and the defect appearing in the judgment roll and judgment, it should be reversed. *Union Mill and Mining Co.* v. *Albert Ferris et al.,* U. S. C. C. Dist. of Nev.; *Vansickle* v. *Haines,* 7 Nev. 286.

IV. Defendant was in possession of and using the water in controversy adversely to plaintiff and his grantors for more than five years prior to the commencement of the action, and for more than five years subsequent to the issuance to plaintiff's grantors of U. S. patents. It was therefore error to find that defendant held and used the water in subordination to the title of plaintiff and his grantors.

*Vansickle* v. *Haines,* 7 Nev. 283; *Davis* v. *Gale,* 35 Cal. 35; 25 Cal. 508.

*Ellis & King* and *Haydon & Cain,* for Respondent.

I.    There was no error in overruling the demurrer, because it was a general demurrer to the entire complaint and ought to have been overruled if any one of the counts were good. *People* v. *Morrill,* 26 Cal. 361; 4 Cal. 327, 448; 10 Cal. 233; 26 Cal. 294. And here the complaint undoubtedly contained one good cause of action; that is to say, the count for damages.

II.    But the complaint alleged sufficient facts to be a good bill in equity. Plaintiff asked to have his title quieted as was authorized by section 256 of the Practice Act. A plaintiff has a right to be quieted in his title to real estate of which he is in possession, whenever any claim is made the effect of which might be litigation or loss to him of the property. *Head* v. *Fordyce,* 17 Cal. 151; *Curtis* v. *Sutter,* 15 Cal. 259; *Merced M. Co.* v. *Fremont,* 7 Cal. 319.

III.    Being an equity case it was a proper one for trial by the court without a jury. If there were any questions of fact involved the court might have directed an issue to be framed and a submission to a jury; but the calling of a jury in such a case is purely a matter of discretion with the judge and not a matter of right in the parties. *Van Vleet* v. *Olin,* 4 Nev. 98.

IV.    It is said that the complaint fails to show that defendant threatens to continue claiming and diverting said water; but the answer sets up the right to continue using the same; and hence a court of equity upon the pleadings will interfere effectually to protect the plaintiff. Angell on Water Courses, ?444. If the diversion of water may become by lapse of time the foundation of an adverse right in defendant, there is no more fit case for the interference of equity by way of injunction to restrain defendant from such injurious act. Angell on Water Courses, ?449.

V.    There are no facts imperatively calling upon the chancellor to submit to a jury. Plaintiff since 1865 claims

by a U. S. patent. , Defendant claims his land by bare possession; hence he is not a riparian owner and is in no condition to dispute plaintiff's right to the water.  *Vansickle* v. *Haines*, 7 Nev. 286.    There are no questions in regard to damages, for no evidence was introduced on that subject.

By the Court, WHITMAN, C. J.:

Appellant contends that he should have been allowed a jury trial, and claims the refusal as error.   The complaint was purely equitable and sufficient probably in any view but certainly unless specially demurred to, save so far as it showed and prayed damage; but this claim was merely incidental to the main issues and was in reality abandoned, as no proof was offered thereon nor any judgment taken therefor.

That the answer raised certain questions as to the rights of property did not, under the constitution of this State or that of the United States, destroy the equitable character of the action.   As was said by the supreme court of California on the point of the constitutional inviolability of jury trial: "It is a right secured to all, and inviolable forever, in cases in which it is exercised in the administration of justice according to the course of the common law, as that law is understood in the several states of the union. It is a right therefore which can only be claimed in actions at law or criminal actions where an issue of fact is made by the pleadings.   It cannot be claimed in equity cases, unless such issue be specially framed for· a jury under the direction of the court.   It cannot be asserted upon an issue at law, for that is a matter purely for the court.   The fact, therefore, that property and rights of property may be involved in the disposition of a particular case or proceeding, does not determine the right to a trial by jury.   There· must be an action at law, as contradistinguished from a suit in equity and from a special proceeding, or a criminal action and an issue of fact joined therein upon the pleadings, before a jury trial can be claimed as a constitutional right."  *Koppikus* v. *State Capitol Commissioners*, 16 Cal. 249.

Where there is no strict constitutional right the calling a a jury "is purely a matter of discretion with the judge, and not a matter of right in the parties." *Van Vleet* v. *Olin*, 4 Nev. 95. Such was this case, and consequently there was no error in the refusal of a jury trial.

The cases cited from New Hampshire do not in the least militate against this position, as they go upon a peculiar constitutional provision. Const. N. H. Sec. 20.

The decree does not conflict with any riparian rights of appellant, as the evidence without dispute shows that he had none, being merely a possessor of unsurveyed government land. *Lobdell* v. *Simpson*, 2 Nev. 274; *Covington* v. *Becker*, 5 Nev. 281.

` Any other rights he may have had were determined by the district court, upon evidence in some sort conflicting but preponderating in favor of respondent; so such conclusion cannot properly be disturbed.

The order and decree appealed from are affirmed.