[No. 727.]

## JAMES DUFFY, Appellant v. T. D. S. MORAN, Respondent.

Justices' Courts have no Jurisdiction of Equitable Defenses.—Under the constitution and statutes of this state, an equitable defense to an action cannot be plead in a justice's court.

Equity Case before a Jury — When Motion for New Trial must be made.— When the court in the trial of an equity case calls a jury to decide special issues and the jury also find a general verdict: *Held*, that the presumption is, that the court only called the jury as advisory; that until the verdict has been sanctioned by the court it is no proof that it was actually rendered in the case, and that the party against whom the verdict is found is entitled to ten days after the findings are filed by the court in which to give his notice to move for a new trial.

Appeal from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*T. W. W. Davies*, for Appellant:

The court erred in refusing to hear the case on its merits. The judge was not bound by the special issues found by the jury. It was useless to move for a new trial until after the decision of the court was rendered. Until that time plaintiff was unable to state whether he wanted a new trial. (*Minturn* v. *Hayes*, 2 Cal. 595; *Smith* v. *Rowe*, 4 Cal. 6; *Walker* v. *Sedgwick*, 5 Cal. 192; *Still* v. *Saunders*, 8 Cal. 287; *Mahoney* v. *Caperton*, 15 Cal. 313; *Crowther* v. *Rowlandson*, 27 Cal. 376.)

*Robert M. Clarke*, for Respondent:

I. The verdict was rendered on the twenty-fifth day of November, A.D. 1874; the judgment entered December 3, and the motion for new trial filed December 8, A.D. 1874. The motion was therefore too late. The court below acquired

no jurisdiction to grant a new trial, and for this reason the order denying the new trial must be affirmed. (Civ. Pr. Act, sec. 197.)

II. The defendant having entered under a parol gift, and having made valuable improvements in pursuance of such gift, the case is without the statute of fraud, and the gift will be upheld. (1 Lead. Cases on Equity, 730, 731, 732, 733, 734; 14 Johnson, 15; 13 Conn. 479; 18 Id. 222; 8 N. H. 9; 20 Mo. 81; 4 Wis. 79; 1 Binney, 308; 6 Watts, 509; 2 Casey, 519; 7 Barr, 103; 6 Watts, 509; 4 Md. Ch. 133; 6 Md. 435; 24 Vt. 560; 4 Barr, 353; 4 Watts, 317; 3 Kelly, 82; 19 Ark. 23.)

By the Court, LEONARD, J.:

This action was commenced in the justice's court, Carson township, to recover possession of the premises described in the complaint, situate in Carson city. Plaintiff alleged in his complaint that he was the owner of said premises, and that defendant was his "tenant-at-will," under an agreement with plaintiff to quit and surrender the same to plaintiff on demand; that plaintiff, before the commencement of this action, had demanded the premises, in writing, of defendant; that defendant had refused, and still continued to refuse, to comply with said demand.

Defendant in his answer denied plaintiff's ownership and defendant's occupancy as a tenant-at-will of plaintiff under an agreement with plaintiff to quit and surrender the premises to plaintiff, or otherwise. He also denied that plaintiff had demanded the possession of the premises in writing. For further answer defendant alleged that he was the owner of said premises, and entitled to the possession thereof, as against plaintiff and all the world; that on or about the —— day of March, 1873, the plaintiff then being the owner thereof, in consideration of love, affection, friendship and esteem, and in consideration that defendant would improve and occupy the same, presented and gave the premises to defendant; that thereupon defendant, with the knowledge and consent of plaintiff, and at his instance, entered into and upon said premises, and

inclosed and improved the same, and erected a dwelling-house thereon at an expense of five hundred and fifty dollars to defendant; that, by reason of the facts stated, plaintiff was estopped to deny defendant's possession, right of possession and title, and that defendant had acquired the right of possession and equitable title to the property. Such being the nature of the answer, on motion of defendant, the court certified the pleadings to the district court of the second judicial district, on the ground that it appeared that the title of said premises was put in issue.

It is patent from defendant's answer that his real and only defense was the equity last set up, and that the denials contained therein were all based upon such equity. It is also plain that under the statute and constitution of this state such defense could not properly have been pleaded in the justice's court. (Civil Practice Act, section 532; Cont. article 6, sections 6 and 8.)

This defense was set up, of course, with a view of removal of the cause to the district court, which alone could try the issue presented. However, if defendant had not tendered this issue in the justice's court, but had contented himself with denials only, still the justice would have been obliged, under the statute, to transfer the cause to the district court, and in the last named court it is more than probable that defendant would have been permitted to amend his answer by setting up the equity stated. Both parties appeared in the district court, and the cause was tried upon the issues made in the justice's court, without objection on the part of either. We shall, therefore, consider the case as though it had been instituted in the district court.

At the trial a jury was impaneled and instructed to decide certain issues of fact submitted to them in writing by the court, all of which were embraced in the equitable defense set up in the answer. The issues were decided by the jury in favor of defendant, and they also found a general verdict for defendant. After the rendition of the verdict, the cause was continued for argument "as to what the judgment should be." The verdict was dated November 25, 1874.

Judgment for costs against plaintiff was rendered by the court December 3, 1874, and on the eighth of the same month, plaintiff gave notice of motion for new trial. The court refused to hear the motion on its merits, and over-ruled it on the ground that the notice was not given in time; to wit, within five days after the rendition of the verdict.

The only question requiring our decision is, whether or not the notice of motion for new trial was given in time. The answer must depend upon another question; that is to say, whether the cause was in fact tried by the court or by the jury. If by the former, it was in time; if by the latter, it was too late, for the statute is too plain to be misunderstood: "The party intending to move for a new trial shall give notice of the same, as follows: When the action has been tried by a jury, within five days after the rendition of the verdict; and when the action has been tried by the court * * * within ten days after receiving written notice of the rendering of the decision of the judge." (Sec. 197 Civ. Prac. Act.)

Defendant admitted that the legal title was in plaintiff, but against that set up an equity which he claimed was superior to the legal title. Whether or not that equity existed was the only question in the case, and upon that neither party could have demanded a jury. (*Lake* v. *Tolles*, 8 Nev. 285; *Lee* v. *Beatly*, 8 Dana, Ky., 204; *Iler* v. *Routh*, 8 How. (Miss.), 276.)

In such a case, when there are contested questions of fact, the chancellor may, and oftentimes should, call a jury to assist him at arriving at a just conclusion, but the verdict is merely advisory and only to satisfy his conscience. If he is not satisfied with it, he can and should disregard it. If it is satisfactory, he can and should adopt it and file his findings and decree accordingly. (*Van Fleet* v. *Olin*, 4 Nev. 98; *Lee* v. *Beatty* and *Iler* v. *Routh, ubi supra; Black* v. *Shreve*, 2 Beasley, N. J. 456; *Hall* v. *Layton*, 10 Tex. 55.)

" It can never be known what effect is given to the verdict, or whether any is given to it, until the subsequent hearing upon the merits and a decree rendered thereon by the court. Until the verdict has been sanctioned and established by

the court, it is no proof of any fact but that it was actually rendered in the case, and not proof of the facts found thereby. The verdict, independent of the adoption of it by the court, can establish nothing in the case." (*Allen* v. *Blunt*, 3 Story, 746; Daniell's Ch. Pl. and Pr., 1146, note.)

In a chancery suit the action is not "tried" until the verdict has been "sanctioned and established" by the chancellor. In this case it was not tried until after the argument of counsel, "as to what the judgment should be." There is nothing in the transcript showing that the court submitted to the jury anything but the special issues stated, and, it being a case of purely equitable cognizance, we cannot presume the court called the jury for any other purpose except to be advised by it.

Certainly, the fact that the jury found against plaintiff upon the issues submitted to them was, necessarily, no proof that the court would finally so find after argument, or that the court would find against him in any respect. We think this cause was tried by the court. If we are correct in the conclusions already expressed, the court should have filed his findings within ten days after the trial, either adopting or rejecting the findings of the jury. By its acts it did so in effect. Our opinion is that plaintiff not only had a right to think he had ten days after findings were filed by the court in which to give his notice, but that he, in fact, had that length of time after the court rendered its judgment for costs against him on the third day of December.

The order overruling appellant's motion for new trial should be reversed and the cause remanded, with directions to the district court to hear the motion and decide it upon its merits. It is so ordered.