# REPORTS OF CASES

### DETERMINED IN

# THE SUPREME COURT

#### OF THE

## STATE OF NEVADA

### JANUARY TERM, 1907.

[No. 1708.]

THE STATE OF NEVADA, EX REL. THE EQUITABLE
GOLD MINING COMPANY, A CORPORATION, RELA-
TOR, *v.* M. A. MURPHY, DISTRICT JUDGE OF THE
FIRST JUDICIAL DISTRICT OF THE STATE OF NEVADA,
STOREY COUNTY, RESPONDENT.

1. NEW TRIAL—PROCEEDINGS TO PROCURE—NOTICE OF INTENTION—TIME FOR
   SERVICE—STATEMENT. Under the practice act, 197 (Comp. Laws, 3292),
   providing that a party intending to move for a new trial shall give
   notice of the same, when the action has been tried by a jury, within
   five days after the rendition of the verdict, and when tried by the
   court, within ten days after receiving written notice of the decision of
   the judge, and that he shall prepare and file his statement within five
   days after giving such notice, where a suit for injunction is tried by
   the court with a jury, a party may give notice of intention to move
   for a new trial within ten days after receiving written notice of the
   decision of the judge, and may prepare and file his statement within
   five days after giving his notice.

2. SAME—WAIVER OF RIGHTS. The time within which a party may serve
   notice of intention to apply for a new trial and prepare and file his
   statement in a suit for injunction tried by the court with a jury is
   not curtailed by the application of the attorney at the time of the
   rendition of the verdict, without knowing that it had been approved
   by the court, for an order allowing until thirty days after the receipt
   of the transcript of the evidence from the reporter in which to file a
   statement on motion for new trial.

3. APPEAL—RECORD—STATEMENT OF FACTS. A statement on appeal from
   orders denying motions to strike out and amend the judgment should
   not contain the depositions and testimony introduced on the trial.

4. SAME—APPEAL FROM SPECIAL ORDER. Under Comp. Laws, 3860, provid-
    ing that during the progress of a cause a party may take his bill of
    exceptions to the admission or exclusion of testimony or to the rulings
    of the judge on points of law, and section 330 of the practice act (Comp.
    Laws, 3425), authorizing an appeal from any special order made after
    final judgment, and section 332 (Comp. Laws, 3427), providing for the
    preparation and filing of a statement of the case on appeal from a
    judgment or order, orders denying motions to strike out and amend a
    judgment may be presented by statement on appeal, instead of by a
    bill of exceptions.

APPLICATION by The State of Nevada, on relation of the
Equitable Gold Mining Company, a corporation, for a writ
of mandate to M. A. Murphy, District Judge of the First
Judicial District of the State of Nevada, Storey County.
**Granted.**

STATEMENT OF FACTS.

T. Berry and others brought an action in the District
Court of Storey County against the Equitable Gold Mining
Company, the relator here, for the waters of a certain spring,
and asked in their complaint that the company and its agents
be forever enjoined from interfering with the free use and
enjoyment by them of these waters, and for costs. No
damages were demanded, and the case was purely one in
equity. The trial was held before the Honorable M. A.
Murphy, the respondent, as district judge, and a jury, which
on September 20, 1905, found a general verdict in favor of
the plaintiffs, and special issues, among which two stated
that ten gallons for domestic and ten for mining purposes
had been appropriated or used per day. Upon the rendition
of the verdict, counsel for the defendant asked for ninety
days, and the court made an order allowing him thirty
days after he should receive a transcript of the testimony
from the reporter in which to serve and file a statement
on motion for new trial. On September 21, 1905, the next
day after the verdict was found, the clerk, upon the applica-
tion of one of the attorneys for the plaintiffs, entered a
judgment reciting the trial, the impaneling of the jury, the
introduction of oral and documentary evidence, and the
rendition of the verdict, and that "wherefore, by virtue of
the law and by reason of the premises, it was ordered,
adjudged, and decreed" that the plaintiffs were the owners

of the spring, and that the defendant, the Equitable Gold Mining Company, and its agents, were perpetually enjoined from in any manner interfering with the free use and enjoyment by plaintiffs of the spring or water flowing therefrom. The judgment was not signed by the judge, and contained no reference to any finding or order made by him. On February 9, 1906, the defendant's attorneys received the court reporter's transcript of the testimony given on the trial, and on April 11th they filed notice of a motion to strike out and set aside the judgment entered by the clerk on several grounds, among them stating that the judgment was not entered according to the practice of the court and was void when entered by the clerk; that no order had been made directing its entry; that the court had never filed any findings, nor adopted the verdict and special issues found by the jury. With permission obtained from the court defendant filed on August 31st an amended motion to strike out the judgment. After hearing had, the court on August 27, 1906, concluded that, under the practice act, it was the duty of the clerk to enter the judgment within twenty-four hours after the rendition of the verdict, and denied the motion to strike it out, and directed the entry *nunc pro tunc* as of date of September 20, 1905, of an order which he had made that day upon the rendition of the verdict of the jury approving it and directing the clerk to enter judgment in accordance therewith. Owing to noise in the court room this order had not been heard nor entered by the clerk, nor heard by any of the attorneys at the time it was made at the close of the trial, and it was unknown to them and did not appear in the minutes until again announced by the judge in August. On August 27th, and after the making of this order, a motion asking to have the judgment modified to conform to the special findings of the jury as approved by the court was denied. The order of the court directing the entry of the judgment and the verdict and the issues found by the jury do not direct or mention the injunction inserted in the judgment by the clerk. No notice of the entry of the judgment or of the decision of the court or of the adoption of the verdict was served upon defendant or its attorney.

On August 31, 1906, more than thirty days, and more than six months, after the receipt of the reporter's notes defendant filed a transcript labeled "Statement on Motion for New Trial and Appeal," which purports to contain the testimony of the witnesses, the depositions and proceedings had on the trial in September, 1905, and these are also embraced or largely duplicated in another bulky document indorsed "Statement on Appeal," filed September 8, 1906, and containing the minutes, entries, and records, and specifications of error relating to the denial by respondent of the motions to strike out and modify the judgment entered by the clerk. Plaintiffs filed motions to strike out and proposed amendments. Respondent has refused to settle both these statements, the former on the ground that it was not filed within thirty days after the defendant's attorneys received the transcript from the reporter, the time for filing it allowed by the order, and that, therefore, the court had lost jurisdiction, and the latter, it seems, because it contains the evidence given and proceedings had on the trial, and he considered it a statement on motion for a new trial instead of on appeal from his orders refusing to strike out or modify the judgment entered by the clerk, although defendant's counsel contended in court that it was a statement on appeal from these orders. Respondent is, and has been, willing to settle a bill of exceptions pertaining to these orders, and as he refuses to settle the statement on appeal which relates to them, at least partly because it contains the evidence given on the trial, it is not clear whether he deems a bill of exceptions necessary as distinguished from a statement on appeal.

*F. M. Huffaker* and *F. P. Langan*, for Respondent.

*Mack & Shoup*, for Relator:

I. In an action tried by the court the clerk must enter judgment in accordance with the direction of the court, and has no authority to insert in the judgment anything not so directed. (*Card* v. *Meincke*, 24 N. Y. Supp. 375; *Ramaley et al.* v. *Ramaley et ux.*, 72 N. W. 694.) Where a case is heard by a court or referee, the judgment entered by the clerk of

the court must be in accordance with the conclusions of
law and the order for judgment. He has no authority to
include anything in the judgment which is not authorized
by such conclusions and order, even though the findings of fact
would have justified or required different conclusions of law.
(*Ramaley* v. *Ramaley*, 72 N. W. 694.)

II. Mere clerical errors in the entry of judgments may be
corrected upon notice and motion, and such corrections do
not come within the statutes or rules of court declaring that
judgments cannot be corrected or modified after the time
specified in such statute or rule. (*Birmingham* v. *Leonhardt*,
43 Pac. 1896; *Nell* v. *Dayton*, 49 N. W. 981; *McClure* v.
*Bruck*, 45 N. W. 428; *Swain* v. *Naglee*, 19 Cal. 127; *Roussett*
v. *Boyle*, 45 Cal. 64; *Dreyfus* v. *Tompkins*, 67 Cal. 339.) A
party obtaining the entry of a judgment through the mis-
prision of the clerk, when in fact the same was never so
pronounced or rendered, cannot, while admitting the facts of
the mistake, retain its fruits. (*Roussett* v. *Boyle*, 45 Cal. 64.)

III. In the case at bar the court never signed or ordered
an injunction against the defendant restraining the defendant
from interfering or using the waters of the spring in ques-
tion. There were not even any findings or evidence to justify
such a judgment, and the clerk had absolutely no authority
to enter such a judgment and injunction upon his own
motion. An injunction is purely equitable relief, which the
court alone can grant, and then only upon facts and findings
sufficient to warrant the granting of the same. There is
absolutely no authority for a clerk to grant an injunction
under any circumstances, and it certainly cannot be con-
tended that he could grant an injunction upon his own
motion, or upon application of an attorney in the action, and
insert the same in the judgment.

IV. The court having adopted the special findings of the
jury, the same must control the judgment. Such special find-
ings have expressly found that the amount of water taken
and placed to a beneficial use by said plaintiffs amounted to
twenty gallons per day, and no more, any judgment giving
plaintiffs any greater amount of water would be contrary to
such special findings and could not be sustained.

By the Court, TALBOT, J. (after stating the facts):

The questions presented are whether, under our practice act, in an equity case tried before the court with a jury, a party is required to file his notice and statement on motion for new trial within five days after the rendition of the verdict as in ordinary jury cases, or has he for this purpose until ten days after he receives written notice of the decision of the judge, as in cases tried before the court without a jury, and, if so, was this time shortened by reason of the fact that, upon the rendition of the verdict and findings by the jury, and on the application of the defendant's attorney, who was unaware that the court had approved them, or had directed the clerk to enter judgment, the court made an order giving thirty days after the receipt of the reporter's transcript of the testimony in which to serve and file statement on motion for new trial? Also, is a statement on appeal from an order denying a motion to strike out or modify a judgment previously entered by the clerk, when such statement is filed within twenty days after the making of such order, allowable and subject to settlement although improperly containing the evidence and proceedings of the trial not germane to the exceptions and specifications of error taken against such order?

Section 197 of the practice act (Comp. Laws, 3292) provides that the party intending to move for a new trial shall give notice of the same, when the action has been tried by a jury, within five days after the rendition of the verdict, and when tried by the court, within ten days after receiving written notice of the decision of the judge, and that he shall prepare and file his statement within five days after giving such notice. In construing this language we must not forget the principles which govern and distinguish between law and equitable actions. It seems from the opinion of the respondent that he considered the case as one tried by a jury, and that defendant had only five days provided by this statute, and thirty days after the receipt of the transcript from the reporter, allowed by the order of the court, in which to file the statement on motion for new trial. If this position were correct, the time had expired, and the court had lost juris-

diction before this statement was filed as he held.  But, the case being an equitable one, the trial was only nominally before a jury, and, for all practical and effective purposes, was before the court.

The verdict of the jury was only advisory and without force until adopted by the judge.  He was at liberty, as in other equity cases, to approve it, or to make findings or enter judgment contrary to what the jury had found, if he deemed the same more appropriate.  The case was one for the court, and, notwithstanding the verdict, there was nothing against the defendant demanding any notice or statement on motion for new trial, and the finding of any would have been premature, until the judge, acting as a chancellor, had rendered his decision.  If it be conceded that he did this to the extent of the verdict and special issues by adopting them and ordinary judgment in accordance therewith at the time of their rendition, the case is not different in its nature and the practice ought not be different than it would be if he had not adopted them for months after, or had rejected them and made different findings.  Neither the judge nor the jury have yet made any findings or order directing the perpetual injunction placed in the judgment by the clerk.  We conclude that, in this case, and in all purely equitable ones, the statute allows the defeated party until ten days after receipt of written notice of the decision of the judge in which to give notice of his intention to move for a new trial, and five days after the giving of this notice in which to file and serve his statement on motion for new trial, as heretofore held by this court.  (*Thompson* v. *Crane*, 25 Nev. 119, 58 Pac. 53; *Duffy* v. *Moran*, 12 Nev. 98; Hayne on New Trial and Appeal, p. 75.)

As said by Chief Justice Murphy in *South End M. Co.* v. *Tinney*, 22 Nev. 71, 35 Pac. 108:  "It frequently becomes the duty of the court, in giving effect to statutes, to restrain, enlarge, or qualify the ordinary and literal meaning of the words used."                                          \

Nor do we think that the time to which defendant was entitled by the statute was curtailed or waived by the fact that the attorney, at the time of the rendition of the verdict and without knowing that it had been approved by the court,

applied for and obtained an order allowing until thirty days after receipt of the transcript of the evidence from the reporter in which to file a statement on motion for new trial.

The same section provides that the court or judge may enlarge, but not that he may shorten, the time. When counsel obtained the order, and until after the period allowed by it for filing the statement had expired, he not only had not been served with written notice of the rendition of any decision by the judge, but was unaware that the court had approved the verdict, or ordered judgment entered by the clerk, or rendered any decision which is required or is of force in an equity case, and against which a statement on motion for new trial could be properly directed. Evidently the purpose of obtaining the order of the court was to extend and not to curtail the time allowed by statute. To say otherwise would be equivalent to holding that the defendant's time for filing the statement expired before it was aware that the time for filing one had arrived. We see no more element of waiver in applying for the order under the circumstances than there would be if the case had been tried without a jury and taken under advisement by the court and upon its submission the same order had been applied for and obtained. If the securing of such an order were held to be a waiver of further time, and the court had taken the case under consideration and not rendered a decision until more than thirty days after defendant received the transcript from the reporter, the time for filing the statement on motion for new trial would have expired before it arrived. Not knowing when notice of the rendition of the decision would be served or whether this would be more than ten days before the transcript of the evidence would be obtained from the reporter, the securing of an order allowing thirty days after the receipt of the transcript ought not to be deemed a waiver when defendant was unaware that the judge had adopted the verdict or rendered his decision. If defendant's attorney, who was present in court, had known at the time that the court adopted the verdict and ordered judgment, nevertheless it would have been necessary to have served him with written notice of the decision of the court

as the statute requires, unless asking for the order with such knowledge would be a waiver, and regarding this we express no opinion, for it is not denied that he was unaware that the court approved the verdict or ordered judgment.  In *Keane* v. *Murphy*, 19 Nev. 96, 6 Pac. 840, the attorney for the losing party was present in court, heard the decision rendered, and requested one of the plaintiff's counsel to "add no more costs in entering judgment than he could help," but it was held that he did not thereby waive service of written notice of the decision.  Nevertheless this notice may be waived by filing a notice of intention or statement on motion for new trial and in other ways.  But decisions were cited in this case to sustain the statement that "the legal presumption of a waiver of any right by a litigant will not be drawn, except in a clear case, and especially not, when to allow such presumption would deprive a party of his day in court."

The statement on appeal filed September 8, 1906, and within twenty days after the denial of the motions to strike out and amend the judgment, but nearly one year after its entry by the clerk, improperly contains the depositions and testimony introduced on the trial and which belong to a statement on motion for new trial, and, as regards any exceptions made on the trial, the statement on appeal was taken too late. . But this is not so in regard to that part of it pertaining to the orders of the court denying the motions to strike out and to modify the judgment entered by the clerk, and to the record and matters relating to these orders and motions, such as the verdict, special findings, orders of of the court, entry of the judgment by the clerk, and minutes relating to these.  They could be properly presented by statement on appeal instead of by bill of exceptions, and the time for such presentation had not expired.  The incumbering of this statement with the evidence given on the trial, of which it was mostly composed and which ought to have been confined to the statement on motion for new trial, may have caused the respondent to regard it as being intended for the latter statement.  The insertion of such useless matter is condemned.  It serves no good purpose, but makes unnecessary expense for litigants and renders the real points involved

more obscure and difficult to comprehend. This is not the first time we have taken occasion to express our disapproval of the practice, too common, of loading statements with a mass of material which does not pertain to the exceptions taken or the questions controlling the case on appeal, and which only tend to befog the real issues and burden this court, if not the trial judge, with the labor of garnering a little wheat from much chaff. The depositions and evidence introduced on the trial and other irrelevant matters should be eliminated, and those properly pertaining to the orders denying the motions to strike out and modify the judgment should be allowed on the settlement of the statement on appeal.

Section 4 of the act to regulate appeals, approved March 11, 1865, found at section 3860 of the Compiled Laws, directs that "during the progress of a cause a party may take his bill of exceptions to the admission or exclusion of testimony or to the rulings of the judge on points of law, and it shall not be necessary to embody in such bill anything more than sufficient facts to show the point and pertinency of the exceptions taken." The practice act was passed four years later, and the filing and settlement of the statement on appeal from the orders denying the motions to strike out and to amend the judgment as entered by the clerk are authorized by section 330 (Comp. Laws, 3425), which provides for an appeal "from any special order made after the final judgment," and by section 332 (Comp. Laws, 3427), which provides: "When the party who has the right to appeal wishes a statement of the case to be annexed to the record of the judgment or order, he shall, within twenty days after the entry of such judgment or order, prepare such statement, which shall state specifically the particular errors or grounds upon which he intends to rely on the appeal, and shall contain so much of the evidence as may be necessary to explain the particular errors or grounds specified, and no more, and shall file the same with the clerk, and serve a copy thereof upon the adverse party. The respondent may, within five days thereafter, prepare and file amendments to the statement, and shall serve a copy thereof on the appellant; the

statement and amendments shall be presented to the judge or referee who tried or heard the case, upon notice of two days to the respondent, and a true statement shall thereupon be settled by such judge or referee."

It is ordered that a writ of mandate issue directing the respondent to settle the proposed statement filed on August 31, 1906, and indorsed "Statement on Motion for New Trial and Appeal," and so much of the proposed statement filed September 8, 1906, and indorsed "Statement on Appeal," as pertains to the orders overruling the motions to strike out and modify the judgment.

Norcross, J.: I concur.

Fitzgerald, C. J., absent.