S. Y. EGGERT, Appellant, v. HELEN E. SMITH PRATT, ET
AL., Appellees.

**Specific performance:** , BREACH OF CONTRACT: DAMAGES. The pur-
chaser of a minor's interest in real property under a contract
with the guardian, having knowledge of the minority and the
necessity of an order of court to make the conveyance, cannot,
on the dismissal by the court of an application for such order,
recover substantial damage for loss of profits in an action for
specific performance.

*Appeal from Wright District Court.*— HON. W. D. EVANS,
Judge.

THURSDAY, MARCH 9, 1905.

ACTION in equity to enforce specific performance of
contract to sell real estate.   Decree for plaintiff as to an
undivided one-third of the land, and assessing damages
against the defendant Helen E. Smith Pratt in the sum of
one dollar.   The plaintiff appeals.— *Affirmed.*

*J. H. Scales,* for plaintiff.

*Birdsall & Birdsall* and *Nagle & Nagle,* for appellees.

WEAVER, J.— Helen E. Smith Pratt, being the owner
of the undivided one-third of the land in question, and
guardian of her minor daughter, who owned the other undi-
vided two-thirds, entered into a written contract to convey
the entire property to the plaintiff.   In entering into the
contract, plaintiff knew the condition of the title, and knew
that a conveyance of the daughter's interest could be had
only by authority to be obtained from the court.   Proceed-
ings were afterward begun to obtain the necessary authority
to make a conveyance, but were dismissed.   It appears from

the evidence, that about the time the contract was made, land in Wright county was advancing rapidly in value, and that the sale, if carried into effect, would have materially prejudiced the interests of the ward. The court below refused to specifically enforce the agreement, except as to the one-third owned by Helen E. Smith Pratt, and refused to allow plaintiff more than nominal damages on account of defendant's failure to make title to the remainder of the property.

The question presented in argument is upon plaintiff's demand for substantial damages. It is shown that the land, at the date when it should have been conveyed according to the contract, was worth materially more than the agreed purchase price, and it is plaintiff's contention that defendant is answerable to him for the margin of profit thus lost. Had defendant represented herself as the owner of the land, and as such entered into the contract to convey it, she would ordinarily be subject to the rule relied upon by plaintiff, and liable to him in damages in the amount by which the market value of the land exceeds the contract price. But this rule has been held by us not to apply where, to the knowledge of both buyer and seller, the latter has no title, and without fraud or bad faith on his part fails to make or convey title in discharge of his contract. In such case there can be no recovery for loss of profits. *Foley v. McKeegan,* 4 Iowa, 1; *Sweem v. Steele,* 5 Iowa, 352; *Sawyer v. Warner,* 36 Iowa, 333; *Yokom v. McBride,* 56 Iowa, 139; *Donner v. Redenbaugh,* 61 Iowa, 269. See, also, cases to same point cited in 29 Am. & Eng. Enc. L. (2d Ed.) page 724, note 10.

In *Gerbert v. Trustees,* 59 N. J. Law, 160 (35 Atl. Rep. 1121; 59 Am. St. Rep. 578), the New Jersey Court of Errors and Appeals, after a review of the authorities, overrules its former decisions to the contrary, and holds to the doctrine that when a seller of real estate is, without fraud or wrong on his part, unable to make the promised title, he

is not chargeable with the damages, and the purchaser's right of recovery will be confined to the payment, if any, he has made on the agreed price. In *Margraf v. Muir*, 57 N. Y. 155, we have a case much like the one at bar. A mother, having a dower interest in lands of which her infant child was the principal owner, entered into a contract to convey the entire property to a purchaser who knew the nature of her right and authority in the premises. The land was worth materially more than the agreed price, and the authority to sell could not be obtained, and it was held that the mother was not liable in damages. Stress is laid on the fact that the purchaser took the contract knowing the true condition of the title, and that the seller could make no effective conveyance without authority from the court. It is true that in the cited case it was also found that the buyer had obtained an undue advantage by reason of his knowledge, and the seller's want of knowledge, of the real value of the property, but the decision does not necessarily turn upon that circumstance. It is to be conceded that plaintiff's claim is not without considerable support in the books, but in our judgment the decided weight of authority is against the proposition. Indeed, many of the cases go to the extent of holding that, even in cases where the failure to convey is caused by the fraud or wrong of the seller, the right to recover damages is limited to the purchase money paid, with reasonable expenses incurred in investigating the title. *Bain v. Fothergill*, L. R. 1 H. L. 158.

There is no showing of fraud on part of the seller in the present case, and we need not, therefore, consider how far, if at all, we should feel obliged to follow this line of authorities. *Cornell v. Rodabaugh*, 117 Iowa, 287, is not inconsistent with the conclusion we have reached. There the seller had title, and sought to avoid specific performance because of an incumbrance which she herself had placed upon the property. She could have conveyed a good title, and could at a reasonable expense have removed the incum-

brance, but, failing so to do, she was held to respond in damages. In *Conner v. Baxter,* 124 Iowa, 219, it does not appear that the seller disclosed to the buyer his lack of authority to make a good title; while the decision in *Townsend v. Blanchard,* 117 Iowa, 36, is made to turn upon the construction of a statute which is not here applicable.

After a careful review of the record and of the authorities bearing upon the questions presented in argument, we are of the opinion that the decision of the trial court is correct, and it is therefore *affirmed.*