R. H. SIETSEMA, Appellant, v. ANDERSON et al., Appellees.

**DAMAGES:** Nonfraudulent Failure of Consideration. The non-fraudulent failure of consideration, following an exchange of properties, is compensated by returning to the injured party the value of that which he paid for that which he did not re-ceive, and, perhaps, expenses reasonably incurred. Especially is this the proper measure when the pleadings were framed on such theory.

**PLEADING:** Amendments—Belated and Inconsistent Amendments. Amendments bearing on the measure of damages, and offered at the close of movent's evidence, are properly rejected (1) when they do not enlarge the measure of damages, and (2) when they are contradictory of record stipulations.

*Appeal from Emmet District Court.—N. J. LEE, Judge.*

MARCH 12, 1920.

ACTION for damages for a failure of the consideration in an exchange of property between plaintiff and defendant. At the close of plaintiff's evidence, there was a directed verdict for the defendant. The plaintiff appeals.—*Affirmed.*

*Francis & Owen* and *Cosson & Francis*, for appellant.

*Morse & Kennedy*, for appellees.

EVANS, J.—I. Though three defendants are named, the suit is pressed only as against the defendant Anderson. On February 23, 1917, the plaintiff and defendant Anderson entered into an oral contract for exchange of property. The plaintiff was the owner of certain letters patent under which, and a little factory in which, he had manufactured dish pans and fly catchers. The factory had not been a going concern, however, for nearly a year. He traded his letters patent and his factory to the defendant, and received in exchange therefor a purported warranty deed to a quarter section of land in Texas. The deed purported to be executed by the owner, as grantor, but no grantee was named therein. The idea of both parties was that the plaintiff could have his own name inserted as grantee. The plaintiff turned over to the defendant the keys to the factory and the letters patent. The tangible property seems to have been 360 dish pans and 1,500 fly catchers. There was also considerable raw material, including some hundreds of partly constructed pans. The fact came to light later that the purported signature to the blank deed was a forgery, whereby the consideration moving to the plaintiff wholly failed. Upon the discovery of the fact of forgery, the de-

1. DAMAGES: nonfraudulent failure of consideration.

fendant at once restored to the plaintiff the property re-
ceived from the plaintiff, by delivering to him the letters
patent and the keys to the factory. That the defendant at-
tempted to make such restoration is not denied; but the
plaintiff avers that he did not accept such restoration, but
returned the keys and the patent back to the defendant. A
few months later, this suit for damages was brought.

The trial of the case in the lower court turned upon
one question, namely: What was the proper rule of measure
of damage, under the undisputed facts in the case? Coun-
sel for plaintiff contended that the measure of his damage
was the value of the Texas land. The trial court held that
the rule applicable to the facts, as a measure of damage,
was the value of the consideration paid by plaintiff.
Plaintiff declined to offer any evidence of the value of such
consideration. There was, therefore, a directed verdict for
the defendant at the close of plaintiff's evidence. In the in-
troduction of testimony, it was stipulated into the record
that the defendant was innocent and ignorant of the for-
gery, and had acted in good faith. No question of fraud or
bad faith, therefore, was involved.

It is now urged on appeal that the holding of the court
on this question was erroneous, and that it was based upon
an antiquated case of *Foley v. McKeegan,* 4 Iowa 1. The
holding of the trial court was clearly correct. Two rea-
sons appear upon the face of the record, either one of which
would be sufficient to sustain the holding.

The first is that plaintiff's petition was cast in a mold
that called for precisely that measure of damage. It aver-
red that the consideration paid to the defendant for said
land was $5,000, and that the plaintiff paid such consid-
eration in reliance upon the title of the defendant. The
prayer for judgment was for $5,000.

It is true that the petition averred, also, "that said
premises were, in fact, of the reasonable value of the agreed

consideration therefor, to wit: $5,000." There was no other allegation in the petition purporting to claim as damages the value of the Texas land, except as such value was measured by the value of the consideration paid.

Secondly, it is the recognized rule in this state, as between a vendor and a vendee of real estate, that, in the absence of wrongful intention or bad faith, a failure of vendor's title which renders him unable to perform, is a failure of consideration. In such case, the vendee must be made whole; but the punitive elements of damage are eliminated. Ordinarily, the measure of damage is the consideration paid, and, perhaps, expense reasonably incurred. It is true that this rule had its origin a long time ago, in *Foley v. McKeegan,* 4 Iowa 1. But it has been applied frequently from that time to the present. *Eggert v. Pratt,* 126 Iowa 727, 728; *Cornell v. Rodabaugh,* 117 Iowa 287; *White v. Harvey,* 175 Iowa 213. This rule is consonant with the rule of measure of damage for breach of a covenant of title in the conveyance.

If a conveyance has been made with covenant of title, the vendee may sue on the covenant. If conveyance has not been made, he may sue on the contract. His measure of recovery is the same in either case.

II. At the close of the evidence, and while the motion for a directed verdict was under the consideration of the court, the plaintiff presented an amendment to his petition, and asked leave to file the same. Leave was denied, and this ruling is laid as one ground of reversal.

2. PLEADING: amendments: belated and inconsistent amendments.

One feature of the amendment was, in effect, to sue upon the covenants of warranty in the purported deed. If this amendment had been permitted, it would not have opened the door to a greater recovery for the plaintiff than the value of the consideration paid. This measures the limit of the warrantor's liability.

*Mischke v. Baughn,* 52 Iowa 528; *Royer v. Foster,* 62 Iowa 321; *Boice v. Coffeen,* 158 Iowa 705.

The plaintiff was not prejudiced, therefore, at this point. Furthermore, it is by no means clear that he could have predicated an action at law upon covenants of a warranty contained in a deed concededly forged and void, to which neither plaintiff nor defendant was an actual party. Doubtless, equity could find a way of appropriate relief in such a case. The cases relied on by appellant, whereby the covenants of a deed, blank as to the grantee, were enforced against the vendor, whose name did not appear in the chain of title, were equity cases. *Santee v. Keefe,* 127 Iowa 128; *Bossingham v. Syck,* 118 Iowa 192.

Whether such relief would be possible in an action at law, *quaere.* We do not pass upon it. A further feature of the offered amendment was an allegation of fraud on the part of the defendant. This was a contradiction of the stipulation already entered of record. It was clearly within the discretion of the court to refuse so radical a change of issue after the evidence had closed. We find no error in the record. The judgment below is, accordingly,—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.