[No. 2353]

# BERTHA JOHNSTON AND CHAS. E. JOHNSTON, RESPONDENTS, *v.* ROMEO ROSASCHI AND THE NICHOL LAND AND STOCK COMPANY (A CORPORATION), APPELLANTS.

[194 Pac. 1063]

1. NEW TRIAL—ACTION HELD ONE IN EQUITY, PERMITTING TEN DAYS TO SERVE NOTICE OF INTENTION.

Notwithstanding an action was tried in the court below as an ordinary action at law, where the case in its inception was one of purely equitable jurisdiction, the verdict of a jury being advisory, *held* that the action was equitable, and a party had ten days' time, after entry of verdict, to file and serve notice of intention to move for a new trial instead of five, as in law actions.

2. APPEAL AND ERROR—OBJECTION BELOW IS NECESSARY FOR REVIEW.

Conceding that where a jury is called in an equity case only special issues should be submitted, and that a general verdict is improper, and that a judgment based thereon is erroneous, yet where it does not appear that the court regarded the verdict as binding, and appellant's counsel concede the jury was called as advisory, appellant, having made no objection to such course at the time, cannot take advantage of the error on appeal.

3. TRIAL — PARTIES NOT ENTITLED TO HAVE ADVISORY JURY INSTRUCTED.

In a purely equity case, where the judge merely empanels a jury to find specific facts, neither party has a right to have the court instruct the jury, but, if they are instructed, it follows that the law should be correctly stated.

4. APPEAL AND ERROR—ERROR AS TO INSTRUCTIONS IN EQUITY CASE NOT REVERSIBLE ERROR.

Since the court in a purely equity case is not bound by the jury's advisory verdict, refusal to give a correct instruction or a misdirection is not an error authorizing a reversal.

5. WATERS AND WATERCOURSES—INJUNCTION LIES TO STAY USE OF WATER WHERE MISCHIEF IRREPARABLE.

Injunction to stay the use of water for irrigation purposes because of interference with plaintiff's lands may be granted, where great and irreparable mischief will result and a suit at law will be ineffectual.

6. WATERS AND WATERCOURSES — PARTY USING WATER FOR IRRIGATION MUST NOT INJURE NEIGHBOR'S LAND.

While an upper landowner has an undoubted right to make a reasonable use of water for irrigation, he must so use, manage, and control it as not to injure his neighbor's land, otherwise such use may be enjoined if working irreparable injury.

7. WATERS AND WATERCOURSES—IN ACTION TO ENJOIN IMPOUNDING AND USE OF WATER BY TENANT, LANDLORD HELD PROPER PARTY.
   In an action against a landlord and tenant to enjoin the impounding and use of waste water for irrigation because of interfering with the use of plaintiff's land, notwithstanding the rule that prima facie breach of duty, and therefore the liability, is that of the occupant or tenant, yet where the tenant ceased such use and the landlord, made a party, asserted its right to so impound and use such waters, it was a proper defendant.

8. PLEADING—AMBIGUOUS AND UNCERTAIN COMPLAINT HELD CURED BY ANSWER.
   Conceding that a complaint against owner and tenant to enjoin an injury from impounding of waters for irrigation was defective, uncertain, and ambiguous, such defect was cured by the owner's answer and affirmative defense and cross-complaint, showing that unless enjoined he will continue to impound such waters.

APPEAL from Eighth Judicial District Court, Lyon County; *T. C. Hart,* Judge.

Suit by Bertha Johnston and another against Romeo Rosaschi and the Nichol Land and Stock Company. Judgment for plaintiffs, and defendant company appeals. **Affirmed.**

*Mack & Green,* for Appellant:

The demurrer to the original complaint and to the amended complaint should have been sustained. There is no allegation that connected appellant with the injury. No action at all can be maintained until notice is given that the instrumentality maintained is a nuisance. No such notice is alleged. 29 Cyc. 1216; 21 Ency. Law, 720; Addison on Torts, sec. 280.

Appellant had no authority to go upon the leased premises for the purpose of abating the alleged nuisance. 2 Farnham on Waters, sec. 566; Plumer v. Harper, 14 Am. Dec. 333; Castle v. Smith, 36 Pac. 859.

There was no allegation or evidence that appellant had created the nuisance. It could not be required to abate a nuisance it had not created. 1 Addison on Torts, p. 235.

Respondents acquiesced in the construction of the

ditch, and could. not therefore have equitable relief against appellant. Addison on Torts, sec. 294.

When the plaintiff consents to an act he cannot subsequently treat it as a trespass, nor recover damages therefor. Cadwell v. Farrell, 28 Ill. 438; Ashcroft v. Cox, 50 S. W. 986; Law v. Nettles, 2 Bailey L. 447; Brown v. Armstrong, 102 N. W. 1047; Venneat. v. Fleming, 44 N. W. 906; 28 Am. & Eng. Ency. 460; Churchill v. Bauman, 95 Cal. 541.

When a landowner permits an appropriator of water for a number of years to enter upon his land for the purpose of constructing a dam, he will be estopped from treating the appropriator as a trespasser and denying his right of entry. Miller v. Douglas, 60 Pac. 722; Burk v. Simonson, 104 Ind. 174; Brown v. Armstrong, 102 N. W. 1047.

In the absence of negligence, the owner of an irrigating ditch is not liable for an injury by the water escaping. Fleming v. Lockwood, 36 Mont. 384; Lapham v. Curtis, 5 Vt. 371; Hoffman v. Tuolumne Water Co., 10 Cal. 413.

The court erred in refusing to submit to the jury special interrogatories submitted by appellant. The case was a suit in equity for injunction only, in which a jury was only advisory to the court, and in which special interrogatories should have been submitted. Those requested by appellant were arbitrarily refused. Rev. Laws, 4945, 5222; Stats. 1915, p. 110; Rev. Laws, 4945. "The court may, however, instruct the jury, but ` if it does so the instructions should not be general, as in an action at law, and should relate only to the determination of the questions of fact submitted to them." 16 Cyc. 422.

*Robert L. Waggoner,* for Respondents:

The only question raised by demurrer was as to the sufficiency of the facts alleged to sustain the cause of action. This was not an action to abate a nuisance, but one for an injunction against the use of defendant's

property in such a way as to injure plaintiff, and to forbid an unlawful act. The unlawful act was admitted and proved to have begun long before the lease was given. A lessor is liable for a condition existing on the premises at the time of the lease. Grady v. Wolsner, 46 Ala. 381; 24 Cyc. 1128.

Appellant claimed the right to empty its waste water into the pond for the reason that it had done so for more than thirty years. Edgar v. Walker, 106 Ga. 454; House v. Metcalf, 27 Conn. 631; Gandy v. Jubber, 5 B. & S. 78; Lufkin v. Zane, 157 Mass. 117; Fow v. Roberts, 108 Pa. 489; 21 Am. & Eng. Ency. 721; Riley v. Simpson, 83 Cal. 217.

By consenting to the unlawful use of its property, appellant became liable to restraint by injunction. An owner cannot so divest himself of responsibility for the use of his property as to excuse him for its unlawful and injurious use with his knowledge and consent. Pierce v. German S. Soc., 13 Pac. 478; Kalis v. Shattuck, 11 Pac. 348.

A landlord knowingly leaving his property in a condition of nuisance may be liable to third persons. Joyce v. Martin, 15 R. I. 558. The landlord is said to have authorized the continuance of the wrong, as he had notice of the condition of the premises, and this was such as to be a nuisance per se. Welfare v. London & B. Ry. Co., L. R. 4 Q. B. 693; Slight v. Gutslaff, 35 Wis. 675; Timlin v. Standard Oil Co., 126 N. Y. 514. Where the owner leases premises which are in a condition of nuisance, or must in the nature of things become such by their user, and receives rents, he is liable for the injury resulting from such nuisance. Roswell v. Prior, 12 Md. 635; Godley v. Hagerty, 20 Pa. St. 387; Congreve v. Smith, 18 N. Y. 79; Clifford v. Dam, 81 N. Y. 52. If the lessor of the premises licenses the lessee to perform certain acts which amount to a nuisance, the lessor is liable. White v. Jameson, L. R. 18 Eq. 303; Lufkin v. Zane, 157 Mass. 117.

Any defect in the complaint was cured by answer and

verdict.    McManus v. Ophir S. M. Co., 4 Nev. 15; 1 Chitty, Pleading, 672.

By the Court, Sanders, C. J.:

This was a suit in equity for injunctive relief to prevent the impounding of waste water in such manner as to injure plaintiffs' land. In the lower court a temporary restraining order was granted, which was, upon the final hearing, made permanent. The defendant Nichol Land and Stock Company, a corporation, being dissatisfied with the result, in so far as it adjudged the plaintiffs to be entitled to an injunction against it, brings the case here upon numerous assignments of error.

An amended complaint was filed in the court below against the Nichol Land and Stock Company, a corporation, and Romeo Rosaschi, charging the defendant company owner and its codefendant as lessee with having, since March, 1917, unlawfully impounded waste water upon the land under their control and management, to the injury of plaintiffs' land. They allege in their complaint that they are powerless to protect themselves or their land from the injury complained of, and that the wrong is of such nature that pecuniary damages will not and cannot adequately compensate them for the injury suffered and sustained, and that they have no adequate remedy at law. They allege that the defendants threaten to and will, unless restrained and enjoined, continue to so impound said waste water as to continue said injury to their land, and therefore demand injunctive relief.

The defendant corporation demurred to the complaint upon several grounds, which demurrer was overruled. Thereupon it filed its answer, in which it admits its corporate character and its ownership of the land described in the complaint, and asserts that said land has been leased, demised, and let during all the time since March, 1917, and prior to the said date, to its

codefendant, and said land at the time of the alleged injury was in the possession and under the control of Romeo Rosaschi, pursuant to the terms of said lease. It also specifically denies the other allegations contained in the bill of complaint, and in this connection avers that if any waters were impounded on said land owned by it and leased, as aforesaid, since November, 1914, said water was caused to be impounded solely by reason of the maintenance by plaintiffs and others of the certain ditch, levees, and embankments running parallel to their land and known as the Holland ditch, which cut off and prevented the escape of water lawfully used upon the land of defendant, leased as aforesaid, and the impounding of said waste water was caused wholly and entirely by plaintiffs and others who own, maintain, and control said Holland ditch.

And for a further, separate, and affirmative answer and defense to the action, it alleges that for more than thirty-four years next preceding the commencement of the action the defendant, its grantors and predecessors in interest, have, with the knowledge, consent, and acquiescence of plaintiffs, openly, notoriously, continuously, uninterruptedly, peaceably, and exclusively, and under claim of right, and adversely to plaintiffs and all the world, irrigated and moistened said land for agricultural and grazing purposes, and caused water to flow thereon as fully and to the same extent, if any, that waters were caused to flow thereon since March, 1917, and that the defendant has obtained and acquired a prescriptive right and title to irrigate and so overflow said land owned by it.

And for a further defense and by way of crosscomplaint it alleges that plaintiffs' land is owned and controlled by C. F. Meizner, the father of Bertha Johnston; that said Meizner and others named in the pleading excavated, dug, built, and constructed an irrigation ditch along the dividing line between the land of defendant and said Meizner for irrigating the lands

of the latter and the parties named; that at one point where the ditch is built along the common line the land is lower than at points east and west thereof, and in order to carry the water across and over the particular low place said Meizner and C. F. and J. F. Holland built a high bank on the north side of said ditch, but the bank on the south side thereof next to and upon the land of defendant was so poorly constructed as not to retain the water so as to reach the lands of Meizner and the Hollands, and for years past said parties have run water over the south bank of said ditch and flooded the land of defendant, to its great and irreparable damage in the sum of $5,000, and, unless enjoined and restrained, will continue to flood the defendant's land, and, being without remedy at law, demands the usual injunctive relief, and for $5,000 as damages.

Plaintiffs replied to the answer and cross-complaint of the defendant, and upon the issues thus formed, upon written application of defendant, the cause was tried by the court with a jury.

The defendant Romeo Rosaschi failed to appear and answer the complaint, and upon the trial, on application of counsel for plaintiffs, his default for failure to answer the complaint was duly and regularly entered and taken, and the cause proceeded to trial between the plaintiffs on the one side and the Nichol Land and Stock Company, a corporation, on the other.

1.  Upon the calling of the case for argument in this court, counsel for respondents moved for the dismissal of the appeal, upon the ground, among others, that, defendant having failed to file and serve its notice of intention to move for a new trial within five days after the rendition and entry of the verdict of the jury, this court is without jurisdiction to hear and determine the appeal from the order denying a new trial, and therefore the appeal should be dismissed.  While we concede that the action was tried in the court below as an ordinary action at law, and some doubt and confusion exists as to how the court regarded the verdict of the jury, the

case in its inception was certainly one of purely equitable jurisdiction.

Counsel for appellant take the position that the jury was called as advisory to the court upon special issues submitted to it by interrogatories propounded by counsel upon both sides of the case, and, in fact, one of the principal assignments of error is that the court erred in directing the jury in an equity case to render a general verdict when special issues only should have been submitted to the jury. Being of the opinion that the verdict of the jury was adopted and included in the court's findings, made and entered of record long after the rendition of the verdict, we are impelled to conclude that the court treated the verdict as advisory, and its judgment was not based upon the verdict. Therefore, under the well-settled rule that, where the jury is called as advisory in the trial of an equity case, and the jury also finds a general verdict, until the latter has been sanctioned by the court it is no proof that the verdict was actually rendered in the case, and that the party against whom the verdict is found is entitled to ten days after the findings are filed by the court in which to give his notice of motion for a new trial. Duffy v. Moran, 12 Nev. 94; Stanton v. Crane, 25 Nev. 119, 58 Pac. 53; State v. Murphy, 29 Nev. 253, 88 Pac. 335.

The other ground for dismissal being without merit, the motion to dismiss the appeal is denied.

2. For convenience we shall at this point dispose of the assignment of error that the court erred in directing the jury to render a general verdict. Conceding that where a jury is called in an equity case only special issues should be submitted to them, and that in such case a general verdict is improper, and that a judgment based thereon is erroneous, yet, as it does not appear to our satisfaction that the court regarded the verdict as binding and controlling upon it, and as counsel for appellant concedes that the jury was called as advisory, and having made no objection to the course taken by the court, the appellant cannot now take advantage of the

error.   Simpson v. Harris, 21 Nev. 376, 31 Pac. 1009 (concurring opinion of Bigelow, J.).

3.   Several assignments of error are predicated upon the court's refusal to give to the jury certain instructions proposed by the defendant and in giving to the jury, over its objection, instructions Nos. 5, 6, and 7, proposed by plaintiffs.   In a purely equity case, when the judge simply empanels a jury to find specific facts, it seems that neither party has the right to have the court instruct the jury; but, if they are instructed, it follows as a matter of course that the law should be correctly stated to them.   Van Vleet v. Olin, 4 Nev. 95, 97 Am. Dec. 513.

4.   But since the court in a purely equity case is not bound or controlled by a verdict, the verdict being merely advisory, the refusal to give to the jury a correct instruction, or a misdirection of the jury, is not an error which will authorize the reversal of the judgment.   In such case this court will not review errors assigned to instructions given to a jury, or reverse a judgment because they are erroneous.   Nelson v. Smith, 42 Nev. 302, 176 Pac. 261, 178 Pac. 625 (on petition for rehearing).

5, 6.   It is urged that the facts stated in the complaint are not sufficient to authorize equitable relief.   We are not in accord with this contention.   We concede it to be the general rule that injunctive relief will not be granted to stay the use of water for irrigation purposes, unless it appears that irreparable mischief will result from withholding the process.   But where it appears that great and irreparable mischief will result from the wrong complained of, and that a suit at law will be ineffectual as a protection against further acts of a similar character, the jurisdiction of equity is firmly established.   High on Injunctions (3d ed.) secs. 802, 839.

We also concede that farmers engaged in the ordinary cultivation of their respective lands by artificial irrigation must be accorded a reasonable use of water, or their lands will be comparatively worthless.   But the law

should not be so construed as to deny or abridge the rights of an adjoining farmer to prosecute his agricultural pursuits, or deprive him of any of the incidents necessary to cultivate and improve his lands. Reaffirming the rule of the civil law as heretofore recognized by this court, we are of the opinion that, while the upper landowner has the undoubted right to make a reasonable use of water for irrigation, he must so use, manage, and control it as not to injure his neighbor's land. *"Sic utere tuo ut alienum non lædas."* Boynton v. Longley, 19 Nev. 74, 6 Pac. 437, 3 Am. St. Rep. 781; Wood v. Moulton, 146 Cal. 317, 80 Pac. 92.

The complaint, though subject to adverse criticism in form, states sufficient facts to bring the case within the well-recognized rule of equitable jurisdiction.

7, 8. But it is insisted that the complaint is fatally defective in that there is a defect or misjoinder of parties defendant. In support of this contention it is strenuously urged that it appears affirmatively upon the face of the complaint that the waste water complained of was impounded while and when the land upon which it was so impounded was under lease to appellant's codefendant, and that as a matter of law the lessee alone is the responsible party, and not the defendant company. There is no doubt that in cases of injuries to third parties from the use of leased premises it is the general rule that prima facie the breach of duty, and therefore the liability, is that of the occupant and not of the landlord, and that, in order to render the latter liable, more must be shown than merely that the premises on which or from which the injury arose were by him leased to another. 16 R. C. L. 1063.

Conceding that the complaint in this respect may be defective, uncertain, and ambiguous, we are of the opinion that where, in an action against the owner and tenant, it is alleged that the injury is of such nature as cannot be compensated in damages, and that the parties threaten to continue the injury, and it appears from the answer and affirmative defense and cross-complaint

of the owner that he will, unless enjoined, continue to impound waste water upon his land under a prescriptive right so to do, it is in effect an admission that the averment in the complaint that he threatens to continue the wrong complained of, is true, and the complaint should not be dismissed. In other words, we are of the opinion that, while the complaint is undoubtedly defective in the respect stated, the defect was cured by the answer of the appellant, and the judgment is supported by the pleadings. Hawthorne v. Smith, 3 Nev. 182, 93 Am. Dec. 397. Furthermore the record in this case shows that the defendant Romeo Rosaschi, the lessee, who was offered and testified in the cause as a witness on behalf of the appellant, since the service upon him of the temporary restraining order has ceased to impound the waste water complained of upon the premises in his possession and under his control, but, notwithstanding this fact, the owner of the land, the appellant company, saw fit to take the position that it would, unless restrained, continue so to use waste water on the premises in the future as it had in the past. This being true, it is fair and just to assume that the appellant's defense made it a necessary interested party defendant to a complete determination or settlement of the main question involved.

Numerous errors are assigned as to the admission and rejection of testimony. The court and jury having found against appellant, and as we are of the opinion that the findings by the court and jury are supported by the evidence, it would serve no useful purpose to extend this opinion in order to cover a criticism of the rulings upon testimony which, in our opinion, would not have changed the result. The same may be said of exceptions taken to interrogatories given and refused.

The judgment and order appealed from are affirmed.