## THOMAS v. PALMER

No. 2679

September 8, 1926.                                    248 P. 887.

1. PLEADING.
    Answer may so aid complaint as to cure defect therein.

2. EXCHANGE OF PROPERTY.
    "Perfected," in agreement to exchange properties "soon as the papers can be signed and perfected," refers, not to title, but solely to the papers.

3. EXCHANGE OF PROPERTY.
    Under rule that promise to do what promisor is already bound to do is not consideration, document whereby defendant agreed to convey certain land to plaintiff as soon as possible, executed by him when, as to such land, he was in default under contract with plaintiff for exchange of lands, does not constitute new contract.

4. EXCHANGE OF PROPERTY.
    Damages for breach of contract to convey land, because of vendor's lack of title, he being free from fraud, is, as in case of breach of warranty of title, the consideration paid, and this as well in case of exchange of property as in case of sale.

5. APPEAL AND ERROR—FROM CERTAIN FINDING, COURT MUST CONCLUDE THAT CASE WAS TRIED ON CERTAIN THEORY, AND THAT EVIDENCE WAS OFFERED IN SUPPORT THEREOF.
    From finding, in action for failure to convey one of several tracts agreed in exchange for properties conveyed by plaintiff, that property conveyed to defendant as consideration for omitted tract was of certain value, court on appeal must conclude, as against claim that exchange was of properties in bulk, that case was tried on theory that plaintiff conveyed specific tract as consideration for omitted tract, and that evidence was offered in support thereof, though complaint does not allege such a conveyance.

See (1) 31 Cyc. p. 715, n. 57; (2, 3, 4) 23 C. J. sec. 36, p. 207, n. 12; sec. 82, p. 233, n. 24; 13 C. J. sec. 207, p. 351, n. 27; (5) 4 C. J. sec. 2725, p. 776, n. 49 (new).

APPEAL from the Fifth Judicial District Court, Nye County; *Frank T. Dunn*, Judge.

Action by Bessie Mae Thomas, executrix, substituted for E. W. Shirk, against E. E. Palmer. From a judgment for plaintiff, defendant appeals. **Affirmed.** (SANDERS, J., dissenting in part.)

*Cooke, Stoddard & Hatton (H. H. Atkinson,* on briefs), for Appellant:

If agreement of June 21, 1922, required deed from defendant within one year, plaintiff waived strict compliance and action is prematurely brought. Evidence

shows plaintiff offered to perform act essential to obtaining patent, and conveyance to him by defendant of patent title, and fully understood situation. Waiver does not necessarily imply one has been misled to his prejudice or into altered position; estoppel always involves this element. 40 Cyc. 257, n. 78. Waiver may be created by acts, conduct, or declarations insufficient to create technical estoppel. Idem, n. 82. Giving of consideration is not essential element of waiver, at least where element of estoppel is present. Bishop, Contracts (2d ed.), sec. 804; 40 Cyc. 264, n. 24. Where person encourages act to be done, he cannot afterwards exercise his legal right in opposition. Swain v. Seamens, 19 L. Ed. 554; Smiley v. Barker, 83 F. 684.

Trial court should have held meaning of ambiguous words, "on or before one year, or as soon as possible for me to do so," to mean as soon as plaintiff cultivated land and thereby enabled defendant to obtain patent to desert entry tract. While testimony of plaintiff shows waiver of time requirement, written contract and surrounding facts show latent ambiguity which is resolved into agreement by plaintiff to cultivate sufficiently to obtain patent prior to delivery of deed to him by defendant. In ambiguities of intermediate class between patent and latent, court is entitled to learn surrounding circumstances. Reynolds v. Lawrence, 40 S. 576; 2 C. J. 1913. Ambiguous words are used most strongly against one who prepares contract. 13 C. J. 544; Phoenix Ins. Co. v. Slaughter, 20 L. Ed. 444.

Exchange agreement called only for conveyance by defendant of such title as he had in desert entry tract, or of patent title after plaintiff had sufficiently cultivated land to obtain patent. Agreement called for marketable title. When it is agreed that deed be given nothing more can be exacted than instrument sufficient to pass vendor's title. If covenant of warranty is required, it must be inserted in contract. Ketchum v. Everston, 7 Am. Dec. 384.

True measure of damages is value of desert entry tract. Complaint and judgment hold theory that consideration given by plaintiff, or portion of it, should

constitute basis for measure of damages, though closing paragraph of judgment seems to indicate different theory. Where contract is such that it admits of no other measure, agreed price is adopted. This case admits measure based on value of desert entry tract. Cases which allow recovery of consideration paid are based upon right to rescind in whole or in part. 17 C. J. 851–852. When breach occurs, party to whom performance is due must elect whether to rescind or demand continued performance and sue for damages. R. H. White Co. v. Remick, 84 N. E. 113. This suit is for breach of contract. Measure of damages for defect in or partial failure of his title is actual loss purchaser sustained. Where title is merely defective, measure is amount expended to perfect title. But if purchaser accepts deed and takes possession he is entitled to nominal damages only where defect does not affect marketable value of property. Where title is defective, measure is difference between value of that and a good title. 39 Cyc. 2118; Potter v. Clevinger, Ky., 55 S. S. 432; Stockham v. Cheeney, 28 N. W. 692.

As general rule damages for breach of contract cannot be measured by consideration for contract, but should be determined by agreed or ascertained value of thing contracted for. 17 C. J. 751, n. 78; Rayner v. Jones, 27 P. 24.

*Wm. Forman* and *Wm. J. Forman,* for Respondent:

This court is not required to, and should not in such situation, rule that any fixed rule for ascertaining damages should apply when it has before it only judgment roll. Pleader states ultimate facts; court applies proper rule to secure redress desired. Mullen v. Cook, 71 S. E. 566; 17 C. J. 721; Wallace v. Ah Sam, 71 Cal. 197.

Every presumption is in favor of regularity of proceedings in court below. Virgin v. Brubaker, 4 Nev. 31; Adams v. Rogers, 31 Nev. 163.

White v. Street, 2 S. W. 529, was case of exchange of land. Appellant sought to recover value of land conveyed to him. Lower court held he could recover.

Supreme court reversed this, saying that if he showed land to have any value, or that he paid any sum for it, he was entitled to recover some value or the sum paid with interest.

But if this court thinks it must determine correct rule, we submit there is great confusion and difference of opinion among text writers, though all agree injured party should be compensated for what he lost by best means possible. Common law theory is that measure is the consideration—what injured party gave. Flureau v. Thornhill, 2 W. Bla. 1078. Authorities throughout apply rule for benefit of vendor in good faith. 39 Cyc. 2108; Sanders v. Lansing, 11 P. 702. Second theory is measure of damages is value of consideration which plaintiff was to receive, because he should receive thing he contracts for or its value at time conveyance should have been made. Yokum v. McBride, 56 Iowa, 139. This rule is particularly applicable when dealing with fluctuating values. Third theory is measure is difference between property given and received. This presumes properties traded are of exactly same value, a violent presumption. Result in actual money is the same, no matter what theory is adopted.

Dalton v. Bowker, 8 Nev. 190, and Hoffman v. Bosch, 18 Nev. 360, lay down principle that where title to land fails, vendee is damaged by amount he gave therefor. If there is no distinction in measure of damages between sale and exchange, and in action based on contract and one on warranty, law is established in this state by that decision. That there is no such distinction is shown in Sedgwick, Damages, sec. 1020, 1006; Maupin, Marketable Titles, 232; Parrish v. White, 24 S. W. 572.

There cannot on principle be any distinction as to measure of damages where action is based on breach of contract and on breach of warranty. Purchaser is entitled to good title. When he takes deed contract is complete. Warranty protects purchaser after deed is given; before then he is protected by his contract. Sutherland, Damages, secs. 579, 591; Page, Contracts, sec. 393.

It would be an anomoly if vendor could relieve himself from liability for increased value by simply executing conveyance with covenant of warranty. Maupin, 229; Hammons v. Hannin, 21 Mich. 373.

Where there is partial failure of title, proportionate part of consideration should be returned. 39 Cyc. 2118; Estes v. Odom, 18 S. E. 356.

Land in suit was government land. Defendant never owned it. Some courts hold where one agrees to convey property in which he has no interest, there is no true contract, but, so far as that promise is concerned, there is failure of consideration and the contract is a nullity. Lamb v. James, 39 S. W. 647. Recovery can be had if consideration was paid. Raynor C. Co. v. Bedfore, 45 S. W. 544; 39 Cyc. 2001; Morris v. Courtenay, 120 Cal. 63. Reynolds v. Franklin, 41 Minn. 279, is no longer good law and was overruled in 44 Minn. 30.

Plaintiff did not contract for public domain, but privately owned land. Such did not exist. One can only guess what land would be worth if cultivated and had water right. Any theory based on its value then would be too speculative. General rules of damage cannot be formulated to govern all cases, and where damages may be estimated in various ways, most definite and certain will apply. Kincaid v. Lynch, 132 F. 692.

## OPINION

By the Court, COLEMAN, C. J.:

This case is now before the court on the judgment roll alone, pursuant to the ruling in Shirk v. Palmer, 48 Nev. 451, 236 P. 678. Two questions are presented; one being whether the complaint states a cause of action, and the other whether the trial court adopted the right measure of damages.

The complaint reads as follows:

"Plaintiff for cause of action against the defendant complains and alleges as follows:

"I. That on May 11, 1922, plaintiff and defendant entered into a written contract for exchange of properties, which contract is in words and figures as follows:

" 'E. E. Palmer, Dealer in General Merchandise, Hay and Grain, Mining Supplies, Beatty, Nevada, May 11, 1922.

" 'We the undersign agree to exchange propertys, soon as the papers can be signed and perfected, as follows E. W. Shirk is to give a deed to six hundred acres in section 23 township 7 south 9 east in Riverside county, Free and clear of all incumbrances except Mortgage not to exceed sixty five hundred dollars. And Lot on South West corner on third & Beaudry 90 feet on Beaudry 140 feet on third free of all incumbrance except Mortgage six thousand dollars and third street tunnel bonds, of seven hundred dollars.

" 'E. E. Palmer is to give deed to Ranch six hundred acres improvements implements horses & Cattle with brand

" 'Store fixtures Merchandise town property and town lots, this is intended to cover all personal property in Beatty Nevada.

" 'E. W. Shirk.

" 'E. E. Palmer.'

"II. That plaintiff performed all the terms of said agreement to be by him performed, and on or about June 21, 1922, made, executed, and delivered to said defendant a deed to the lands described in said contract to be by him deeded to defendant, and in accordance with the terms of said agreement.

"III. That the defendant, at the time of the delivery of the above-mentioned deed, was unable to convey title to plaintiff to 160 acres of the land agreed by him to be deeded to plaintiff, and thereupon made and delivered to plaintiff the following promise in writing:

" 'E. E. Palmer Dealer in General Merchandise, Hay and Grain, Mining Supplies, Beatty, Nevada, June 21, 1922.

" 'I agree to deed to E. W. Shirk the following property, No. 08342 for lots two and three SW¼ NE¼ SE¼ NW¼ sec 5 to 12 S R, 47 E Containing 160 acres. On or before one year, or as soon as possible for me to do so.

"E. E. Palmer.'

"IV. That defendant did not own said land, and does not now own the same, or any part thereof, and has failed and refused to deed said land to plaintiff, or any part thereof.

"V. That the reasonable value of the property given by plaintiff in exchange for said 160 acres of land agreed to be deeded to plaintiff by defendant was, at the time it was conveyed and deeded to defendant, and has ever since been, six thousand seven hundred and twenty dollars ($6,720), and, by reason of the failure of defendant to deed said land to plaintiff, plaintiff has sustained damage in the sum of six thousand seven hundred and twenty dollars ($6,720)."

This allegation was before judgment amended to plead damages in the sum of $7,500.

To sustain the contention that the judgment must be reversed for insufficiency of the complaint, two grounds are urged: (1) That there is no allegation in the complaint showing that a deed could have been signed and perfected prior to the bringing of the suit, or that a reasonable time therefor had elapsed; and (2) that by the execution by the defendant of the document of June 21, 1922, the original contract was modified, so as to extend the time of execution of the deed to the 160 acres in question until such time as it became possible for the defendant to give such a deed, and that there is no allegation charging that it is possible for the defendant to execute the same.

1, 2. We will dispose of these contentions in the order made. As to the first contention, it is said on the part of the plaintiff that, if there be merit in it, the defect was cured by the answer of the defendant, wherein it is stated that deeds were exchanged between the parties as to all of the property agreed to be exchanged, except as to the 160 acres in question. That an answer may so aid the complaint as to cure a defect is well recognized. Hawthorne v. Smith, 3 Nev. 182, 93 Am. Dec. 397; Riverside F. Co. v. Quigley, 35 Nev. 17, 126 P. 545; Johnston v. Rosaschi, 44 Nev. 386, 194 P. 1063. As we

understand the contention of defendant, he does not question the correctness of this rule, but it is contended that the language in the agreement of May 11 reading, "We the undersign agree to exchange propertys, *soon as the papers can be signed and perfected,*" with particular reference to that emphasized, should be construed to mean as soon as the title to the property can be perfected; it being said in the brief:

"The word 'perfected' could not reasonably have referred to papers, but to our mind it was rather used by the parties with reference to perfecting title, so that deeds conveying title could be made."

We cannot accept this view. The contract clearly specifies that the exchange of properties shall be made as soon as the *papers* can be signed and perfected. The word "perfected" refers solely to the papers, and nothing is anywhere said in the contract about the title to the property. To take any other view would be a rewriting of the contract. This we cannot do.

3. Did the execution by the defendant of the writing of June 21, 1922, modify the terms of the original agreement? As to this it is contended by the plaintiff that the action was upon the contract of May 11, and that the defendant was in default at the time he signed the document of June 21, and that it shows that he recognized that he had defaulted. It is further said that there was no consideration passing from the defendant to the plaintiff, since the defendant by the document of June 21 merely promised to do what he was already legally bound to do; hence there was no new contract or modification of the old one.

We think the contention of the plaintiff, to the effect that the document of June 21 does not constitute a new contract, is conclusive. The rule applicable to the situation is stated in 13 C. J. 351, as follows:

"A promise to do what the promisor is already bound to do cannot be a consideration, for, if a person gets nothing in return for his promise but that to which he is already legally entitled, the consideration is unreal.

Therefore, as a general rule, the performance of, or the promise to perform, an existing legal obligation is not a valid consideration."

This is a well-recognized rule, needing no citation of authorities to sustain it.

4. We come now to the contention that the court adopted the wrong measure of damages in arriving at the amount for which judgment should be rendered. It is conceded by the defendant that he had no title to the 160 acres. There is no allegation or contention by the plaintiff that there was any fraud on the part of the defendant, and plaintiff seeks to recover the value of the property which he conveyed to the defendant as a consideration for the 160 acres which the defendant could not convey.

The courts have had a great deal of trouble, both in England and in America, in reaching a conclusion as to the correct standard by which to measure the damages of one who lost by reason of the failure of title conveyed, or by reason of the failure of the defendant to convey, because of his discovery of the lack of title on his part. A variety of situations is presented in the cases which have come before the court, and considerable confusion has existed because of the failure of the courts to discriminate carefully. While there are many cases presenting distinguishing features and necessarily involving different questions of law, nevertheless it may be safely said that, after all, the real point of divergence between the authorities is that which is established by what is known as the United States Supreme Court rule, as enunciated in Hopkins v. Lee, 6 Wheat. 109, 5 L. Ed. 218, and the common-law rule which was sanctioned in Flureau v. Thornhill, 2 Wm. Black, Rep. 1078, and confirmed in Bain v. Fothergill, L. R. 7 H. L. 159.

It is not our purpose to review the two lines of authorities, and determine, from a critical analysis thereof and of the reasoning given to support their respective views, which is correct, since our court has in two instances (Dalton v. Bowker, 8 Nev. 190, and

Hoffman v. Bosch, 18 Nev. 360, 4 P. 703) accepted the English rule as the correct one, and we think the question should be deemed settled; but we deem it fit to say that in a note to Beck v. Staats, 80 Neb. 482, 114 N. W. 633, 16 L. R. A. (N. S.) 768, at page 771, it is stated that the English rule has been adopted by a majority of the courts of this country, and a long list of .cases is cited as supporting the statement. We may say, however, that the carefully considered and well-reasoned opinion of Chancellor Kent in Staats v. Ten Eyck, 3 Caines (N. Y.) 111, 2 Am. Dec. 254, appeals to us with greater force than does the half page opinion in Hopkins v. Lee, where the court arbitrarily, we might say, enunciated its rule.

It is said, however, by defendant, that the case of Dalton v. Bowker, supra, is distinguishable from the instant case, in that it was a suit for damages for breach of warranty of title, where as this is for breach of a contract. We do not think this difference can alter the situation, since, as was pointed out by Chancellor Kent in Staats v. Ten Eyck, supra:

"The modern case of Flureau v. Thornhill (2 Black. Rep. 1078) * * * laid down this doctrine: that upon a contract for a purchase of land, if the title prove bad, and the vendor is without fraud incapable of making a good one, the purchaser is not entitled to damages for the fancied goodness of his bargain. The return of the deposit money, with interest and costs, was all that was to be expected."

Thus it appears that the case which finally established the rule as to measure of damages was one, not growing out of a breach of warranty, as in Dalton v. Bowker, but out of a failure to convey, according to contract, as in the instant case. In Maupin on Marketable Titles to Real Estate (3d ed.) 229, it is said:

"It has been held that, in this respect, an executory contract is not distinguishable from one that has been executed, and that in either case the measure of damages is the same. It would be an anomaly if the vendor could relieve himself from liability for the increased value

of the premises by simply executing a conveyance to the purchaser with a covenant of warranty" (citing authorities).

In Stuart v. Pennis, 100 Va. 612, 42 S. E. 667, where this rule is accepted, the court on this point says:

"In Thompson v. Guthrie, 9 Leigh, 101 [33 Am. Dec. 225], following Stout v. Jackson, 2 Rand. 132, Threlkeld v. Fitzhugh, 2 Leigh, 451, Mills v. Bell, 3 Call. 320, and the leading English case of Flureau v. Thornhill, 2 W. Blacks. 1078, it is shown that the rule is as applicable to executory contracts as to those executed, and that the vendee is not entitled to more damages than the purchase money he has actually paid and interest thereon."

In Gerbert v. Trustees, 59 N. J. Law, 160, it is said at page 180, 35 A. 1121, 1122 (69 L. R. A. 764, 59 Am. St. Rep. 578):

"That there is no substantial difference in the injury resulting, where there is an ouster after conveyance with warranty, and where there is a refusal of conveyance in pursuance of the contract to convey, when the vendor is unable to make title, which can reasonably support a rule for damages in the former case wholly different from that which prevails in the latter case, is too obvious to require discussion."

5. But counsel insist that the parties exchanged properties in bulk, and hence the finding of the court as to the amount of damages shows that it was reached by adopting the wrong measure of damages, in that the court found that the property conveyed to the defendant by plaintiff as a consideration for the 160 acres was of the value of $7,500, whereas it does not appear from the record that any specific property was conveyed as such consideration. It is true that the complaint does not allege that a specific piece of land was conveyed as a consideration for the 160 acres, but we cannot say that such was not the theory upon which the case was tried in the lower court. In fact, from the finding we must conclude that such was the theory, and that evidence was offered to support that theory. In this connection we feel that we should say that while in Dalton v.

Bowker, supra, this court stated that the value of the property lost, where there is no fraud, is the correct measure of damages, it also said that such value is to be determined by ascertaining the amount of the purchase money paid for the portion lost, in proportion to the price of the whole property purchased. The statement, after all, amounts to nothing more than that the purchase price is the true measure of damages.

But it is contended that a different rule applies where there was an exchange of properties, as in the instant case, and not a sale. We cannot sanction the contention. The distinction—if there be one—is "one of shadow rather than of substance." In both cases the negotiations are for the transfer of property, and the same rules govern, whether the consideration of the contract is money or by way of barter. It can make no essential difference in the rights and obligations of parties that goods and merchandise are transferred, and paid for by other goods and merchandise, instead of money, which is but the representative of value or property. This idea is expressed by Bigelow, J., in Howard v. Harris, 8 Allen (Mass.) 297, where he says:

"The legal distinction between a sale and an exchange is a purely artificial one; the rules of law are the same as applied to both transactions."

In the case of Sietsema v. Anderson, 188 Iowa, 651, 176 N. W. 611, where there was an agreement of exchange of properties, and the plaintiff conveyed, but, the conveyance of the plaintiff being a forgery (though there was no fraud), it was held in an action for damages that the measure of damages was the value of the property conveyed by the plaintiff. In that case the court said:

"It is the recognized rule in this state, as between a vendor and vendee of real estate, that, in the absence of wrongful intention or bad faith, a failure of vendor's title which renders him unable to perform is a failure of consideration. In such case the vendee must be made whole; but the punitive elements of damage are eliminated. Ordinarily the measure of damage is the

consideration paid, and perhaps expense reasonably incurred. It is true that this rule had its origin a long time ago in Foley v. McKeegan, 4 Iowa, 1, 66 Am. Dec. 107. But it has been applied frequently from that time to the present. Eggert v. Pratt, 126 Iowa, 728, 102 N. W. 786; Cornell v. Rodabaugh, 117 Iowa, 287, 90 N. W. 599, 94 Am. St. Rep. 298; White v. Harvey, 175 Iowa, 213, 157 N. W. 152. This rule is consonant with the rule of measure of damage for breach of a covenant of title in the conveyance."

What we have said disposes of the case, though we have not considered, just as presented, the assignments of error.

The judgment is affirmed.

DUCKER, J.: I concur.

SANDERS, J., dissenting:

Undoubtedly the complaint states a cause of action. I dissent solely upon the question of the measure of the plaintiff's damages. I am of opinion that the doctrine of Dalton v. Bowker, 8 Nev. 190, and like authorities on the subject of the measure of damages on breach of warranty of title, cannot have any application in this case.